597 A.2d 279

**Raymond J. RODIER**

v.

**TOWNSHIP OF RIDLEY et al.**

**Appeal of TOWNSHIP OF RIDLEY, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 5, 1991.

Decided Sept. 10, 1991.

Peter J. Rohana, Jr., for appellant.

David C. Corujo, for appellee.

Before CRAIG, President Judge, SMITH, Judge, and SILVESTRI, Senior Judge.

CRAIG, President Judge.

This is an appeal from an order of the Court of Common Pleas of Delaware County granting Raymond J. Rodier's request for deemed approval of his final subdivision plan. We affirm.

The sole issue is whether the township mailed timely notice of its decision to deny the applicant's request for subdivision plan approval, in accordance with section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508, when its mailing before the deadline was undeliverable because of insufficient postage, the final notice mailing bore a postage meter date after the deadline and the applicant received that mailing on that same tardy date.

The undisputed facts of this case are as follows. On September 1, 1988, Raymond J. Rodier filed an application for approval of a subdivision plan with Ridley Township, Delaware County. The township commissioners, at a meeting, denied the application on November 16, 1988. On December 3, 1988, the applicant received a letter from the township by certified mail at his residence in Woodlyn, Ridley Township, giving notice of the denial action.

The envelope containing the denial letter had two postage meter stamps on it when the applicant received the letter. One stamp was marked for twenty-five cents and was dated December 1, 1988; the other stamp was marked for $1.75 and was dated December 3, 1988.

The applicant filed a complaint in mandamus with the court of common pleas, requesting deemed approval of his plan, and citing section 508(1) of the MPC, which provides that

[t]he decision of the governing body of the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address *not later than 15 days following the decision.*

53 P.S. § 10508(1). (Emphasis added.)

The applicant also cited section 508(3) of the Act, which provides that

[f]ailure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein *shall be deemed an approval of the application....*

53 P.S. § 10508(3). (Emphasis added.)

At the trial court hearing, Jean Zizza, superintendent of postal operations in Woodlyn, testified that the denial letter could only have been both mailed to and received by the applicant in Woodlyn on December 3, 1988, if it had been posted at the Woodlyn Post Office. (R.R. 24a–25a.)

She also provided an explanation for the absence of any cancellation mark on the envelope, stating that, if a letter is mailed on the same date as the date on the postage meter stamp, the post office would not have cancelled the postmark. She also indicated that post office employees use the "most current" postage meter stamp, which suggested to her that the denial letter was posted on December 3, 1988. (R.R. 24a.)

Ms. Zizza also testified that, after examining the stamps, she believed that the denial letter was posted initially on December 1, 1988, but was returned for insufficient postage. (Transcript of October 31, 1989, hearing at 14 and 18.)

Edward Miller, the township's code enforcement officer, testified that a township employee usually runs letters through the postage meter and that all of the township's

outgoing mail is delivered to the Folsom Post Office, located in Ridley Township, once a day. (R.R. 42a.)

By order dated November 19, 1990, the trial court granted the request for deemed approval, concluding that the township did not mail the denial letter to the applicant until December 3, 1988—seventeen days after the township denied the application.

The court found that a township employee had run the denial letter through the township's postage meter on December 1, 1988, but had metered it for the incorrect postage. In addition, the court determined that on December 3, 1988, the letter was put through the postage meter again, stamped with the proper postage, and mailed to the applicant.

On appeal from the trial court's decision, the township argues that the court erred in finding that it did not mail its decision to the applicant within fifteen days of its denial of the subdivision plan. We affirm the trial court's order.

Our scope of review where the trial court receives additional evidence is to determine whether the trial court abused its discretion or committed any error of law. *Estate of Barbagallo v. Hearing Board of Ingram Borough*, 133 Pa.Commonwealth Ct. 38, 574 A.2d 1171 (1990).

 As indicated above, section 508 of the MPC prescribes the timeframe with which a township must comply in rendering a decision on a subdivision application. That provision requires that (1) the decision of the township be in writing, and (2) the decision be communicated to the applicant personally or mailed to him not later than fifteen days after the decision. Both requirements must be met in order to meet the directive of the statute. *Joseph A. Puelo & Sons, Inc. v. Borough Council of Phoenixville*, 7 Pa.Commonwealth Ct. 248, 298 A.2d 658 (1973).[1]

1. Although *Puelo* was decided under the former version of section 508, which required municipalities to mail denial letters within *five* days, the reasoning set out in that decision applies equally to section 508's present fifteen day time period.

In *Buchsbaum Appeal,* 116 Pa.Commonwealth Ct. 219, 540 A.2d 1389 (1988), this court agreed with the trial court's determination that a denial letter mailed to an applicant sixteen days after council had rejected his plan was untimely and that the plan should be deemed approved.

In this case, the township disapproved the applicant's plan on November 16, 1988. Thus, in order to satisfy the 15–day notification requirement, the township would have had to have mailed the notification of its final decision to the applicant on or before December 1, 1988. Ms. Zizza's testimony supports the trial court's finding that the township delayed proper mailing of its notification letter to the applicant until December 3, 1988, seventeen days after its final decision.

Although the township does not pursue the point before this court, it argued before the trial court that even if the denial letter was mailed December 1, 1988, and returned for insufficient postage, the township has fully complied with section 508 because it mailed the letter initially on December 1, 1988. (Transcript of October 31, 1989, hearing at 30–31.) This reasoning would defeat the purpose of section 508, which is to ensure that each applicant receives timely notice of a denial and is provided with a basis for a timely appeal. *Dobrinoff v. Board of Supervisors of Franklin Township,* 136 Pa.Commonwealth Ct. 282, 582 A.2d 1156 (1990).

Because the township did not mail its written decision until seventeen days after the township reached its decision, section 508 mandates that the application be deemed to be approved. *Puelo, supra.* Accordingly, we affirm.

ORDER

Now, September 10, 1991, the order of the Court of Common Pleas of Delaware County, dated November 19, 1990, at Docket No. 89–2241, is affirmed.