**UGI UTILITIES, INC., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 2000.

Decided June 21, 2001.

Jennifer L. Murphy, Harrisburg, for petitioner.

Kelly K. Smith, Harrisburg, for respondent.

Before DOYLE, President Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

LEADBETTER, Judge.

This appeal raises an issue of first impression, whether a fluorescent barcode, placed upon an envelope by the United State Postal Service (USPS) to facilitate automated mail processing, is a "postmark" for the purposes of determining whether an appeal to the Unemployment Compensation Board of Review (Board) is timely filed.

The essential facts are as follows. On January 21, 2000, the Allentown Unemployment Compensation Center (Job Center) issued to UGI Utilities, Inc. (Employer) a notice of determination granting unemployment benefits to Charles H. Potts (claimant). In accordance with the Unemployment Compensation Law's [1] requirement that an appeal from a job center determination be made within fifteen calendar days, the notice informed Employer that any appeal of the Job Center's determination was due by February 7, 2000. The notice's appeal instructions stated that if sent by mail, an appeal "must be . . . postmarked on or before the last day to appeal shown above on this Determination."

On February 8, 2000, the Job Center received and date-stamped an envelope containing Employer's appeal from the Job

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751– 914.

Center's determination. Although the envelope in which Employer sent its appeal was not postmarked, it did bear a postage meter mark dated February 7, 2000, as well as the aforementioned barcode. After initially completing the Job Center's portion of the appeal form to reflect that the appeal was postmarked February 7, 2000, the Job Center sent a corrected copy of the petition indicating that the appeal was received on February 8, 2000, and therefore was late.

At a hearing before the referee on the issue of the timeliness of the appeal, Employer presented the testimony of Stephen Borza, Employer's Manager of Human Resources; Craig Wennell, Employer's Supervisor of Office Services; and Brian Steward, the Plant Manager of the Gus Yatron Postal Facility in Reading. Borza testified that he had prepared the appeal and taken it to Employer's mail processing facility on February 7, 2000. Borza testified that he gave the envelope containing the appeal to a mail processor, and then watched as the envelope was run through a postage meter. Borza testified that he inspected the postage meter date of February 7, 2000 and was told that all mail went out at the end of the business day. Wennell testified regarding Employer's mailing procedures, and both Wennell and Steward testified regarding Employer's arrangement with the USPS whereby Employer receives a discount for presorting its mail, the discount contingent on Employer's correctly dating its postage meter markings.

Borza testified that after he was notified that the appeal was late, he retrieved a photocopy of the envelope from the Job Center. Wennell contacted the USPS and obtained a memorandum which included a computer screen printout titled "RBCS ID Tag Decoder." The printout contains a reproduction of the barcode on the envelope and the following information in tabular form:

| | |
|---|---|
| Machine ID | 1219 |
| RBCS Site | Reading PA |
| Day of Month | 07 |
| Time of Day | 18:00 |
| Sequence Number | 02822 |
| Mail Class | 0 |

Steward testified that the barcode, known as RBCS, is affixed to envelopes in order to facilitate automated processing. Steward testified that the barcode contains the following information: the day of the month and the time that an envelope was processed, the postal facility where it was processed, and a sequential number. Based on his review of the envelope and the decoder printout, Steward testified that he was confident that the envelope had been mailed on February 7, 2000.

The referee issued a decision dismissing Employer's appeal and the Board affirmed, finding that the barcode did not constitute a postmark and that the date the Job Center received the appeal was the date of filing. Because the Job Center received the appeal one day after the running of the fifteen day appeal period, the Board held that it was untimely and dismissed it.

■ On appeal, Employer argues that to require a manual USPS cancellation mark elevates form over substance and ignores the realities of modern-day mailing and mail processing methods. Employer contends that the postage meter mark and the barcode provide reliable evidence of the appeal's timeliness. Alternatively, Employer contends that in the absence of a definition for the term "postmark" or guidance as to what constitutes a postmark in the Job Center appeal instructions, this court should find that the USPS barcode suffices as a postmark for the purposes of determining the timeliness of its appeal.

■ Pursuant to Section 502 of the Unemployment Compensation Law, 43 P.S. § 822, an appeal to the Board must be filed "within fifteen days after the date of [the referee's] decision." *See also* 34 Pa. Code § 101.82(b). The fifteen-day time period in which to file an appeal is mandatory. If an appeal is not filed within that time limit, the determination becomes final, thereby depriving the Board of jurisdiction over the matter. *Southeastern Pennsylvania Transp. Auth. v. Unemployment Compensation Bd. of Review*, 661 A.2d 505, 507 (Pa.Cmwlth.1995)(hereinafter referred to as *SEPTA* ). However, a small exception exists for appeals that are filed by mail and bear an official United States postmark. Pursuant to Section 101.82(d) of Title 34 of the Pennsylvania Code, 34 Pa.Code § 101.82(d), an appeal is deemed to be timely filed even if received after the fifteen-day period if the appeal bears a postmark with a date which falls within the fifteen-day time period set forth in Section 502.[2] *Vereb v. Unemployment Compensation Bd. of Review*, 676 A.2d 1290, 1293 (Pa.Cmwlth.1996).

At the outset, we note that both we and our Supreme Court have held on several occasions that a private postage meter mark is not equivalent to an official U.S. postmark, and is not determinative of the timeliness of an appeal. *See, e.g., Gannett Satellite Info. Network, Inc. v. Unemployment Compensation Bd. of Review*, 661 A.2d 502, 504 (Pa.Cmwlth.1995); *see also SEPTA*, 661 A.2d at 507 (and cases cited therein). Thus, the fact that the envelope was marked February 7, 2000, by Employer's postage meter is irrelevant.

More compelling is Employer's argument that the barcode affixed to the envelope by the USPS is reliable evidence of timely mailing and should be considered a postmark for the purposes of determining the timeliness of its appeal. The regulations do not provide a definition for the term postmark. Moreover, beyond finding that a postage meter mark or the tracking slip of a private shipper, *Copyright, Inc. v. Unemployment Compensation Bd. of Review*, 739 A.2d 219 (Pa.Cmwlth.1999), are not "official" U.S. postmarks, neither have our courts.

■ We have, however, discussed the rationale for allowing only an official U.S. postmark to serve as evidence of the timeliness of an appeal. In *Gannett*, we explained that "[t]he U.S. postmark, as opposed to a private meter postmark or testimony concerning the placing of the appeal in the mail box, is virtually unassailable evidence of the time of mailing of an appeal." 661 A.2d at 504. As the Supreme Court stated in *Lin v. Unemployment Compensation Bd. of Review*, 558 Pa. 94, 99, 735 A.2d 697, 700 (1999), "[t]he date on a private postage meter can be readily changed to any date by the user; therefore it lacks the inherent reliability of the official U.S. postmark." Additionally, we have expressed concern that requiring administrative agencies to conduct hearings on the timeliness of appeals would be unduly burdensome. *Vereb v. Unemployment Compensation Bd. of Review*, 676 A.2d 1290, 1294 (Pa.Cmwlth. 1996) (*en banc* ).

Based on the testimony of a USPS representative before the referee, it appears that the barcode satisfies the concerns we have had about the reliability of postage meter markings. Given the USPS manager's seemingly complete confidence [3] that

---

**2.** 34 Pa.Code § 101.82(d) states, "the date of initiation of an appeal delivered by mail ... shall be determined from the postmark appearing upon the envelope in which the appeal form or written communication was mailed."

**3.** Steward testified that he would "bet his paycheck" that the letter was mailed on Feb-

the letter had been mailed on February 7, 2000, there seems to be little doubt that the letter was mailed that day.

Nevertheless, we are constrained to affirm for two reasons. First, while the barcode appears to convincingly demonstrate that Employer mailed its appeal on February 7, 2000, it does so only in conjunction with the testimony of the USPS manager and the analysis provided by the USPS's computerized decoder. In *Miller v. Unemployment Compensation Bd. of Review*, 505 Pa. 8, 13, 476 A.2d 364, 366 (1984), the Supreme Court noted that

> [i]t must be possible to determine the timeliness of a filing from either the face of the document or from the internal records of the court. It would be inefficient and unduly burdensome to require courts to hold evidentiary hearings to determine timeliness. Any such rule would defeat the purpose the timeliness requirements are meant to accomplish.[4]

Given this clear policy, we cannot say that a mark which is meaningful only when deciphered in testimony by a representative of the postal service satisfies the criteria established by our Supreme Court.

■ Second, a court should defer to an administrative agency's interpretation of its own regulation unless such interpretation is clearly erroneous or is inconsistent with the statute under which it was promulgated. *Gannett*, 661 A.2d at 502; *Edwards v. Unemployment Compensation Bd. of Review*, 162 Pa.Cmwlth. 698, 639 A.2d 1279, 1282 n. 3 (1994). In this case, the Board chose to adopt the definition of postmark contained in the USPS's Postal Operations Manual: "a postal cancellation that contains the post office name, state, ZIP code, and month, day and year the canceling post office accepted custody of the material." The Board found that the mark was not a postmark because neither the barcode itself, nor the analysis conducted by the postal service, contains sufficient information to meet the definition of a postmark. Specifically, the barcode analysis lacked the zip code of the post office or the month or year of mailing. This interpretation of 34 Pa.Code § 101.82(d) is neither erroneous nor inconsistent.

We recognize that our holding leads to what might be considered a harsh result. As in *Copyright*, we would once again suggest that perhaps the time has come for the Board to consider a modification of its regulations. We have been faced in recent years with a number of cases in which appeals were found untimely because of the absence of a postmark, despite clear circumstantial or direct evidence that the

---

ruary 7, 2000. (R.R. 25).

4. Interestingly, in *Miller*, a case involving the timeliness of an appeal from the Board to this court, the Supreme Court forgave a petitioner's failure to comply with Pa. R.A.P. 1514(a), which requires the attachment of a Postal Service Form 3817 to prove timely mailing. Taking judicial notice of the hours of the Harrisburg post office, the Court deduced that the appeal had been timely filed. *Miller* turned, in part, on the Court's application of Pa. R.A.P. 105(a), which provides that the rules are to be "liberally construed." The Court held that the appellant had "substantially complied" with Rule 1514 by providing

evidence that the appeal had been mailed before the expiration of the appeal period.

We have distinguished *Miller* from cases such as the instant one, in that the regulations governing unemployment compensation appeals to the Board do not provide for substantial compliance. *Gannett Satellite Information Network, Inc. v. Unemployment Compensation Bd. of Review*, 661 A.2d 502, 505 (Pa.Cmwlth.1995). Nevertheless, we have cited the quoted language as support for the mandatory nature of the regulations governing appeals. *Vereb v. Unemployment Compensation Bd. of Review*, 676 A.2d 1290, 1294 (Pa.Cmwlth.1996).

appeals were sent in a timely fashion. *Lin* (appeal sent by U.S. mail received by Job Center one day after filing deadline); *Copyright* (appeal sent via UPS received one day after filing deadline); *Vereb* (appeal sent via U.S. mail received one day after filing deadline); *SEPTA* (stipulation that appeal was mailed before deadline). As pointed out by Judge Friedman in her dissent in *Vereb,*

> [w]here, as here, the appeal letter is only one day late … there is no danger of abuse of the filing deadline and no need for an evidentiary hearing…. Even under the best of circumstances, an appellant would have to mail an appeal letter at least one day prior to the date received.

*Vereb v. Unemployment Compensation Bd. of Review,* 676 A.2d 1290, 1295 (Pa. Cmwlth.1996) (Friedman, J., dissenting). In light of the USPS manager's testimony that only about one-eighth of the mail processed by his facility is manually cancelled, *i.e.* postmarked, it would seem desirable to incorporate some flexibility where common sense would lead the Board to the conclusion that an appeal was mailed before the deadline. At the very least, the Board might wish to consider more specific instructions to assist appellants in avoiding this pitfall.

Based on the foregoing, we affirm.

### ORDER

AND NOW, this 21st day of June, 2001, the order of the Unemployment Compensation Board of Appeal in the above captioned matter is AFFIRMED.

President Judge DOYLE concurs in the result only.