**Cathleen SHEA, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 2006.

Decided April 21, 2006.

---

Kieran M. Casey, Wilkes Barre, for petitioner.

Paul R. Jordan, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge COHN JUBELIRER.

Cathleen Shea (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) that dismissed Claimant's appeal as untimely pursuant to Section 502 of the Unemployment Compensation Law (Law).[1]

The Board made the following findings of fact:

1. The claimant filed an application for unemployment compensation benefits on January 2, 2005.

2. The claimant's request for benefits was denied by the Department.

3. The claimant filed an appeal from this determination.

4. Following a hearing on the merits, the Referee issued a decision which denied the claimant benefits.

5. A copy of the Referee's decision was mailed to the claimant at her last known post office address on the same date.

6. The decision was accompanied by notice advising that the interested parties had fifteen (15) days in which to file a valid appeal.

7. The decision mailed to the claimant was [not] returned by the postal authorities as undeliverable.

8. The claimant's appeal from the Referee's decision, in order to be timely, had to have been filed on or before April 11, 2005.

9. The claimant's appeal was filed on April 14, 2005, by U.S. Mail.

10. The claimant's counsel had originally mailed the appeal on April 11, 2005, however, it was returned by the post office due to insufficient postage.

11. The claimant was not misinformed or misled by the unemployment compensation authorities concerning her right or the necessity to appeal.

12. The claimant's filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct.

(Bd. Decision and Order, 9/6/05 (Bd.Decision), Findings of Fact ¶¶ 1–12.)

The Board noted that the last day to file an appeal from the referee's decision was April 11, 2005; however, Claimant did not file an appeal until April 14, 2005. The Board went on to state that "[t]he claimant did not have good cause for her late appeal. The provisions of this Section of the Law are mandatory, and the Board has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein." (Bd. Decision at 2.) Accordingly, the Board dismissed Claimant's appeal from the referee's decision. Claimant now petitions this Court for review.[2]

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.

2. This Court's review of the Board's order is limited to determining whether the Board committed an error of law, whether constitutional rights were violated, or whether necessary factual findings are supported by substantial evidence. *Nolan v. Unemployment*

 Pursuant to Section 502 of the Law, an appeal to the Board must be filed "within fifteen days after the date of [the referee's] decision...." 43 P.S. § 822; *see also* 34 Pa.Code § 101.82(a).[3] This fifteen-day time limit is mandatory; if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *UGI Util., Inc. v. Unemployment Comp. Bd. of Review*, 776 A.2d 344, 347 (Pa.Cmwlth. 2001). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa.Cmwlth.2003). Therefore, even an appeal filed merely one day after the expiration of the fifteen-day time period must be dismissed as an untimely appeal. *Id.*

At the outset, we note that Claimant does not argue that she is entitled to *nunc pro tunc* relief. Rather, Claimant asserts that Section 101.82(b)(1)(ii) of Title 34 of the Pennsylvania Code clearly supports her assertion that her appeal was timely filed. Section 101.82(b)(1) of the Pennsylvania Code states:

> (b) A party may file a written appeal by any of the following methods:
>
> (1) United States mail. The filing date will be determined as follows:
>
> (i) The date of the official United States Postal Service postmark on the envelope containing the appeal, a United States Postal Service Form 3817 (Certificate of Mailing) or a Unit-

ed States Postal Service certified mail receipt.

> *(ii) If there is no official United States Postal Service postmark, United States Postal Service Form 3817 or United States Postal Service certified mail receipt, **the date of a postage meter mark on the envelope containing the appeal.***

34 Pa.Code § 101.82(b)(1) (all emphasis added). Essentially, Claimant asserts that on April 14, 2005, the United States Postal Service (USPS) returned, for insufficient postage, her counsel's appeal envelope, which had counsel's personal work postage meter mark date of April 11, 2005. That same day, Claimant asserts that her counsel took the April 11th envelope with the appeal documents inside and placed that in a new envelope, posted the new envelope with sufficient postage, and re-sent it to the Board on April 14, 2005. She argues that her appeal was timely filed because the envelope that her "appeal was in," i.e. the returned envelope, had a postage meter mark date of April 11, 2005. She wants this Court to interpret Section 101.82(b)(1)(ii) in such a way that the returned envelope was the envelope "containing the appeal," which had the postage meter mark date of April 11th, even though it was returned undelivered due to insufficient postage. Claimant relies on this Court's decision in *UGI* to support her position that the appeal was sent in a timely fashion, and that more "flexibility" is essential where common sense would lead to the conclusion that the appeal was timely.

In the case at bar, there is no dispute that Claimant's counsel initially sent her

---

*Comp. Bd. of Review*, 797 A.2d 1042 (Pa. Cmwlth.2002).

**3.** This section, 34 Pa.Code § 101.82(a), states that an appeal shall be filed "on or before the 15th day after the date on which notification of the decision of the Department was delivered personally to the appellant or mailed to him at his last known post office address."

appeal on April 11th with insufficient postage, and that it was *later returned as undeliverable* on April 14th. *Claimant's counsel re-sent her appeal on April 14th* with sufficient postage; however, the envelope, *which had a postage meter mark date of April 14, 2005,* was three days late. While Claimant's act of using a new envelope to deliver her late appeal in its original envelope is clever, it is not sufficient to prevail.

Section 101.82(b) of the Pennsylvania Code is clear and unambiguous. Section 101.82(b)(1)(i) states that the filing date of an appeal to the Board will be determined as the date of the official USPS postmark on the envelope containing the appeal, certificate of mailing or certified mail receipt. However, if none of those methods are available, the determination may be based on the date of a postage meter mark on the envelope containing the appeal. 34 Pa.Code § 101.82(b)(1)(ii). While Claimant arguably initiated the process of appeal in sufficient time, the process of appeal was *interrupted* due to Claimant's counsel's failure to pay the proper amount for postage. Claimant's counsel then initiated a *new process* of appeal by re-filing the appeal on April 14th, which was the date counsel sent the appeal, as well as the postage meter mark date on the envelope *containing the appeal that the Board properly received.* This postage meter mark date, however, was three days passed the statutory deadline. Because filing appeals in a timely manner is jurisdictional, the Board was correct in dismissing the appeal.

Claimant's counsel could have used other means to appeal to the Board, wherein the mistake of affixing improper postage would have been irrelevant. For example,

Claimant's counsel could have filed Claimant's appeal on April 11th via facsimile or personal delivery. *See* 34 Pa.Code § 101.82(b)(3), (5). However, Claimant's counsel chose to file Claimant's appeal via United States mail and, as such, Claimant must abide by the clear and unambiguous language of the regulation.

This interpretation is consistent with how the Court has interpreted the appeal provisions of the Pennsylvania Municipalities Planning Code (MPC).[4] In *Rodier v. Township of Ridley,* 142 Pa.Cmwlth. 370, 597 A.2d 279 (1997), the issue was whether the township mailed timely notice of its denial to a subdivision applicant in a similar situation. There, the township denied the applicant's subdivision plan on November 16, 1988. *Id.* at 280. On December 3, 1988, the applicant received a letter from the township by certified mail giving him notice of the denial. *Id.* The envelope containing the denial letter had two postage meter stamps on it when the applicant received the letter. One stamp was marked for twenty-five cents and was dated December 1, 1988; the other stamp was marked for $1.75 and was dated December 3, 1988. *Id.* Section 508(1) of the MPC requires that the denial be mailed to the applicant "not later than 15 days following the decision." 53 P.S. § 10508(1). In order to be timely, the township needed to mail the denial letter on or before December 1, 1988. *Id.* at 281. We held that the township's denial letter was not timely, because the Township had placed insufficient postage on the envelope containing the denial letter, and so the date of mailing of its notification was December 3, 1988. We, therefore, affirmed the trial court's decision deeming the subdivision application approved.

---

**4.** Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

The reasoning in *Rodier* is equally applicable to the case at bar. The initial process of sending an appeal without the correct amount of postage, which is ultimately returned to the sender to add more postage, is not a "filing." The date of "filing" is the date that Claimant's counsel actually placed the envelope in the mail, with the correct amount of postage, be it the original envelope or the latter envelope, which resulted in delivery. Any other conclusion would thwart the intent of the statutory language; but for affixing the correct postage, the envelope containing the appeal would never be received by the Board and filed via United States mail.

Furthermore, Claimant's reliance on *UGI* is misplaced. In *UGI*, the notice from the Board instructed the employer that the appeal must be USPS *postmarked* on or before February 7, 2000. *UGI*, 776 A.2d at 345. On February 8, 2000, the Service Center received and date-stamped the envelope containing the employer's appeal. The envelope was not postmarked, but did bear a postage meter mark dated February 7, 2000, as well as a fluorescent barcode placed on the envelope by the USPS which, decoded, reflected that the appeal was timely sent on February 7, 2000. *Id.* at 345–46. The Board rejected the appeal because the regulation in effect at the time required the filing date to be determined by the postmark, and the envelope did not have a postmark. This Court affirmed the Board's decision finding the appeal untimely because the barcode did not equate to the definition of a USPS "postmark." While stating that this holding may be considered a "harsh result," this Court concluded that it was bound by the plain language of the Board's regulations. *Id.* at 348. Nonetheless, we

suggested to the Board that, in its drafting of regulations, "it would seem desirable to incorporate some flexibility where common sense would lead the Board to the conclusion that an appeal was mailed before the deadline." *Id.* at 349.

The "flexibility" referred to in *UGI* was addressed by the Board with its September 2003 amendment to Section 101.82(b) of the Code. This amendment, which is the current regulation, now allows the date of filing to be reflected through a postage meter mark, where there is no USPS postmark date.[5] It is this regulation that we are applying here, and which permits us to use the postage meter mark as the date of mailing. However, neither *UGI*, nor the regulation, allow for the date a letter is mailed and returned to the sender for insufficient postage, to be considered the date of "filing."

Accordingly, based on the foregoing opinion, the order of the Board is affirmed.

### ORDER

**NOW,** April 21, 2006, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

**5.** The provisions of Section 101.82, adopted August 26, 1970, effective August 27, 1970, 1 Pa. B. 435, *as amended* July 14, 1978, effective July 15, 1978, 8 Pa.B.2002, appear at serial pages (259529) to (259530).