IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Mary M. Graham, | : |
| Petitioner | : |
| | : No. 254 C.D. 2019 |
| v. | : |
| | : Submitted: August 2, 2019 |
| Unemployment Compensation | : |
| Board of Review, | : |
| Respondent | : |

BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED:  October 2, 2019

Mary M. Graham (Claimant) petitions, *pro se*, for review of the February 7, 2019 order of the Unemployment Compensation Board of Review (Board) dismissing her appeal as untimely under section 502 of the Unemployment Compensation Law (Law).[1]  Upon review, we affirm.

The facts of this case are not in dispute. Claimant worked for the Abramson Cancer Center of the University of Pennsylvania (Employer). (Certified Record (C.R.) at Item No. 1.)  Claimant was terminated and subsequently applied for benefits on October 5, 2014. (C.R. at Item No. 3.)  The local service center denied Claimant's application for benefits. *Id*.  Claimant appealed to a referee, who concluded

---

[1] Section 502 of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §822.

that Claimant was ineligible for benefits under sections 401, 4(u), and 404(d) of the Law, that she had a fault overpayment under section 804(a) of the Law, and that she was subject to a penalty under section 801(c). 43 P.S. §§801, 753(u), 804(d), 874(a), and 871(c), respectively. Claimant filed her appeal from the referee's decision more than three years past the June 18, 2015 deadline.

The Board's regulations state that its files are purged after two years. 34 Pa. Code §61.6;[2] 34 Pa. Code §101.54.[3] As the appeal in this case was filed over three

---

[2] Section 61.6 provides:

> (a) Under the authority granted by section 209 of the law (43 P. S. § 769), the following categories of records pertaining to contributions and benefit rights shall be subject to disposal according to schedules or directives approved by the Bureau, and shall be issued through the usual media for disseminating official Bureau instructions:
> > (1) Records which are not required in the transaction of current business.
> > (2) Records which do not have administrative, legal or research value.
> > (3) Records which do not have other values for contribution liability or benefits entitlement to warrant further preservation.
> (b) Those contributions or benefits records which are established as the result of a specific unemployment compensation program controlled by the Federal government will be disposed of in accordance with agreements entered into with the United States Department of Labor.
> (c) Records authorized for disposal under this section shall be destroyed or otherwise disposed of in accordance with current administrative and fiscal policies and with cognizance of obligation of the Bureau to preserve the confidential character of the records.

[3] Section 101.54 provides:

> (a) The proceedings of appeal hearings, at both referee and Board

**(Footnote continued on next page…)**

years late, the records in Claimant's case have been purged. Because of the limited record provided to this Court, information regarding what occurred at the initial referee hearing is minimal. However, evidence in the record is sufficient to make a proper determination on the issue presented in this appeal. The referee's decision was mailed on June 3, 2015, which provided that an appeal must be filed within 15 days. (C.R. at Item No. 4.) Claimant did not file an appeal from this decision until November 6, 2018, which was more than three years past the June 18, 2015 deadline. (C.R. at Item No. 10.)

By letter dated November 21, 2018, the Board advised Claimant that her appeal filed on November 6, 2018, was untimely, but that she could request to schedule

---

levels shall be recorded and preserved for **a period of 2 years**.
The record need not be transcribed unless a further appeal is filed. In the event an application for further appeal is filed from the decision of a referee, the record shall be transcribed and transmitted to the Board, together with records and documents in the appeal proceeding. At any time the Board may require the complete record of a case, or a part thereof, to be transcribed and filed with the Board.

(b) When an interested party or his representative requests information from the file of the Board in order to present and maintain the issues at a hearing before a referee or the Board, or in an appeal to the Court, such information (including the hearing transcript, where the record has been transcribed) shall be made available at a reasonable time to the party and his representative, without charge, at the office of the referee to whom the case was assigned or at the central office of the Board in Harrisburg, Pennsylvania, whichever is more convenient to the interested party or his representative, for examination, copying and making notations therefrom. An examination of the file shall be permitted only for purposes relating to the Unemployment Compensation Law (43 P. S. §§ 751--882) and for no other proceeding or purpose.

34 Pa. Code §101.54 (emphasis added)

3

a hearing to allow her the opportunity to set forth the reasons why she believed her appeal should still be accepted. (C.R. at Item No. 4.) By letter dated November 27, 2018, Claimant requested a hearing. (C.R. at Item No. 5.) By order dated December 13, 2018, the Board remanded the matter to the referee and directed that a hearing be scheduled. (C.R. at Item No. 7.)

The referee conducted a hearing on January 15, 2019, during which Claimant testified in person. (C.R. at Item No. 9.) Employer did not appear at the hearing. (C.R. at Item No. 9.) When initially asked by the referee why she did not appeal the decision timely, Claimant responded, "Probably because I was just upset and didn't know how to go about this and I think all of this is a very honest mistake." *Id*. Claimant explained the many difficult life events she was going through at the time to support her reason for filing late, including the stress of losing her job and trying to survive and find a new job. *Id*. When asked again why she filed late, Claimant stated, "I don't know. I guess because I was just confused or just upset, I don't know. I can't answer that, I'm sorry . . . ." *Id*. Claimant did not put forth any additional testimony or evidence as to the cause of her untimely appeal. *Id*.

The referee forwarded a transcript of the hearing to the Board, which issued its February 7, 2019 decision dismissing Claimant's appeal as untimely under section 502 of the Law. (C.R. at Item No. 10.) In its decision, the Board noted that Claimant being upset and confused about the system did not justify her late appeal, particularly because the records showed she knew about the decision, and had begun paying back the overpayment and penalties assessed by the referee, and still waited over three years to file an appeal. *Id*. The Board relied on section 502 of the Law, finding that the time for filing an appeal was mandatory and that it had no jurisdiction to entertain the appeal absent limited exceptions not present in this case. *Id*.

4

Importantly, the Board found that Claimant's late filing was not caused by administrative authorities committing fraud or its equivalent, a breakdown in the appellate system, or by non-negligent conduct. *Id*.[4]

On appeal,[5] Claimant argues that the Board erred in dismissing her appeal as untimely because she inadvertently missed the deadline because she was upset after losing her full-time job and was unable to secure another full-time job. While we are sympathetic with Claimant's situation following her termination, she fails to present sufficient evidence justifying acceptance of her late appeal.

Section 502 of the Law provides that a party "shall be duly notified . . . of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision the board acts on its own motion, to review the decision of the referee." 43 P.S. §822. This Court has previously held that "[a]ppeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence. . . ." *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). In other words, the referee's decision becomes final, and the Board does not have jurisdiction to consider the matter, if an appeal is

---

[4] Generally, an untimely appeal, or an appeal *nunc pro tunc*, may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process or non-negligent circumstances related to the appealing party, his counsel, or a third party. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996). This Court has previously noted that such relief may be considered in "limited circumstances" and that "[t]he burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

[5] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

not filed within the 15-day period. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). In fact, even an appeal filed merely one day after the expiration of the 15-day time period must be dismissed as an untimely appeal. *Shea v. Unemployment Compensation Board of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006) (citing *Dumberth*, 837 A.2d at 681).

"The pressure of life events are insufficient to excuse an untimely appeal. This court consistently rejects such excuses." *Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018); *see also Burgher v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1929 C.D. 2014, filed July 7, 2015) (unreported) (claimant dealing with anxiety and stress from layoff); *Rabe v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1785 C.D. 2013, filed February 24, 2014) (unreported) (claimant dealing with financial stress and multiple pending court cases); *Menges v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2230 C.D. 2009, filed April 22, 2010) (unreported) (claimant dealing with a death in the family and lingering effects of a medical condition).[6]

Here, Claimant asserts that she was upset, confused, and made an honest mistake. However, as the Board correctly noted, Claimant's complaints about her confusion, mistaken beliefs, and the difficulty of her life at that time were insufficient to meet the requirements of a *nunc pro tunc* appeal or otherwise justify her untimely appeal, which was filed more than three years after the deadline for the same. Therefore, the Board properly dismissed Claimant's appeal as untimely and we are constrained to conclude that the Board did not err in making this determination.

---

[6] *Burgher, Rabe, and Menges*, are unreported opinions. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

Accordingly, the Board's order is affirmed.


_____

PATRICIA A. McCULLOUGH, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary M. Graham,                  :
          Petitioner      :
                  :   No.  254 C.D. 2019
       v.           :
                  :
Unemployment Compensation    :
Board of Review,           :
          Respondent   :

# ***ORDER***

AND NOW, this 2nd day of October, 2019, the Unemployment Compensation Board of Review decision dated February 7, 2019, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge