IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chad Ross, : 
           Petitioner : 
            : 
      v. : 
            : 
Unemployment Compensation : 
Board of Review, :   No. 408 C.D. 2019
           Respondent :   Submitted: May 11, 2020

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: June 5, 2020

Chad Ross (Claimant) petitions for review of the March 7, 2019 order of the Unemployment Compensation Board of Review (Board) affirming the order of the referee dismissing his appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1] Upon review, we affirm.

Claimant was employed by Wal-Mart Associates, Inc. (Employer) from September 12, 1994 until March 30, 2018, when he was laid off. Employer Inquiry Notice at 1 & 3, Reproduced Record (R.R.) at 10a & 12a. On April 18, 2018, Claimant submitted a claim for unemployment compensation benefits (benefits) over the internet. *See* Claim Record at 2, R.R. at 3a. On April 19, 2018, Employer

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

stated on a form titled 'Claimant and Employer Information' that Claimant would not receive compensation after his separation from employment. R.R. at 16a. Claimant thereafter began receiving benefits. *See* Claim Record at 4, R.R. at 5a.

On November 19, 2018, the Unemployment Compensation (UC) Service Center sent Claimant a notice of determination deeming Claimant ineligible for benefits for weeks ending April 21, 2018 through October 20, 2018 due to his receipt of severance pay from Employer, and reducing Claimant's benefits by $725.00 for the week ending October 27, 2018. Notice of Determination of Ineligibility, R.R. at 22a. The UC Service Center determined that the deductible amount of severance pay received by Claimant was $46,895.00 pursuant to Section 404(d)(1.1) of the Law,[2] 43 P.S. § 804(d)(1.1), and that this amount would be attributed to the 31 weeks immediately following Claimant's separation.[3] *Id.*

Also on November 19, 2018, the UC Service Center sent Claimant a separate notice of determination of an overpayment of benefits in the amount of $10,488.00, determining that Claimant was at fault for the overpayment because he knowingly withheld information regarding severance pay in order to obtain benefits and informing Claimant of his obligation to repay the overpayment in accordance with Section 804(a) of the Law, 43 P.S. § 874(a). Notice of Determination of

---

[2] Section 404(d)(1.1) was added by Section 5 of the Act of June 17, 2011, P.L. 16.

[3] Prior to January 1, 2012, severance payments received by an employee from his employer based upon his separation from employment were not deductible from the employee's benefits. However, Section 404(d)(1) of the Law was amended in 2011 to include clause (iii), 43 P.S. § 804(d)(1)(iii), which requires the deduction of severance payments from benefits. *Killian-McCombie v. Unemployment Comp. Bd. of Review*, 62 A.3d 498, 500 (Pa. Cmwlth. 2013). Section 404(d)(1.1) sets forth the formula for determining how much of the severance pay is deductible from the benefits received each week.

2

Overpayment of Benefits at 1, R.R. at 24a; *see also* UC Overpayment Classification Worksheet at 1, R.R. at 20a.

This notice of determination included appeal instructions advising Claimant that if he filed an appeal electronically, he "accept[ed] the risk of delay, disruption or interruption of electronic signals, which may affect the timeliness of the appeal." R.R. at 27a. Both determinations were mailed to Claimant's address of record and received by Claimant.[4] Referee's Decision & Order at 1, Finding of Fact (F.F.) 2, R.R. at 86a. Although these determinations instructed Claimant to appeal by December 4, 2018, the UC Service Center did not record receipt of Claimant's appeal until December 7, 2018, when Claimant's attorney submitted his appeal via fax. F.F. 3-5; *see also* Claim Record at 1, R.R. at 2a. Claimant identified the following grounds for appeal:

> The [UC] Service Center determined that Claimant received a FAULT overpayment in the amount of $10,488[.00] due to his receipt of certain payments found to have been severance pay. To the extent that the funds received from [E]mployer could be considered "severance [p]ay[,]" . . . that fact was unclear on both the face and context of the Agreement. Claimant asserts that the ambiguity precludes the finding of a FAULT overpayment.

Petition for Appeal, R.R. at 32a.

On January 3, 2019, the referee conducted a hearing in which Claimant and his attorney participated by telephone. Transcript of Testimony (T.T.) at 1, R.R. at 59a. The referee stated that the purpose of the hearing was to determine whether

---

[4] The record indicates that the determinations were mailed to Claimant's address in Delaware. *See* Notice of Determination of Ineligibility at 1, R.R. at 22a; Notice of Determination of Overpayment of Benefits at 1, R.R. at 24a.

Claimant timely submitted his appeal, noting that a subsequent hearing would be held to address the merits of the case if the appeal was deemed timely. T.T. at 2. Claimant's attorney indicated that he submitted Claimant's appeal electronically on December 4, 2018. T.T. at 4. Stating that he received neither confirmation nor error messages upon electronically submitting the appeal, Claimant's attorney alleged that the UC Service Center must have failed to receive Claimant's appeal due to administrative error, such as improper functioning of the agency's computer system. *See* T.T. at 5-7. Asserting that he only learned upon calling the UC Service Center two days later that the appeal had not been received, Claimant's attorney noted that he then submitted the appeal via fax. T.T. at 4-5.

On January 4, 2019, the referee issued a decision and order dismissing Claimant's appeal as untimely. Referee's Decision & Order at 2, R.R. at 70a. The referee noted that a claimant has 15 days to file an appeal from a final determination of the UC Service Center pursuant to Section 501(e) of the Law, 43 P.S. § 821(e).[5] *Id.* The referee further noted that jurisdiction may be exercised over an untimely appeal when justified by fraud, a breakdown in the administrative process or the non-negligent conduct of the party appealing or that party's representative. *Id.* The referee also noted that an appeal submitted via electronic transmission is deemed filed on the date recorded by the Department of Labor and Industry's Office of Unemployment Compensation Benefits (Department) and that a party filing by such means is responsible for any delay caused by the interruption of electronic signals. *Id.* (citing Section 101.82(b)(4) of the Board's Regulations, 34 Pa. Code §

---

[5] Section 501(e) of the Law provides that "[u]nless the claimant . . . files an appeal . . . within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the [Department of Labor and Industry] . . . shall be final and compensation shall be paid or denied in accordance therewith." 43 P.S. § 821(e).

101.82(b)(4)). The referee rejected the contention of Claimant's attorney that administrative error in the form of an alleged malfunction of the Department's website contributed to the untimeliness of the appeal. *See id.* The referee pointed out that Claimant's attorney failed to provide any documentation evidencing his attempt to submit the appeal electronically on December 4, 2018, such as an e-mail from the "sent" files of his account, or any proof that he called the UC Service Center to attempt to confirm receipt. *Id.* Reasoning that "the Law is clear that a party sending an appeal electronically is responsible for any delay, disruption, or interruption of electronic signals," the referee thus dismissed Claimant's appeal as untimely. *Id.*

Claimant sought review of the referee's decision on January 22, 2019, identifying the following grounds for appeal: "[t]imeliness of [a]ppeal; [l]ack of effective service; [and] [l]ack of subject matter jurisdiction." R.R. at 75a, 79a & 81a. The Board affirmed on March 7, 2019, adopting and incorporating the referee's findings and conclusions. Board's Order at 1, R.R. at 83a.

Before this Court,[6] Claimant argues that he is entitled to appeal *nunc pro tunc* due to a breakdown in the administrative process. Claimant's Brief at 17. Claimant contends that the UC Service Center provided inadequate notice of the determination of fault overpayment of benefits. *Id.* In support of these assertions, Claimant cites Employer's statement on a form submitted to the Department that

---

[6] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014); *see also* Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704. Further, where, as here, the petitioner does not dispute the findings of fact, they are conclusive on appeal. *Gibson v. Unemployment Comp. Bd. of Review*, 760 A.2d 492 (Pa. Cmwlth. 2000).

Claimant would receive no additional compensation following his separation from employment. *See* Claimant and Employer Information at 3, R.R. at 16a. Claimant further contends that he "has a potentially meritorious defense based on the ambiguity of communications from his former employer." Claimant's Brief at 17.

Section 501(e) of the Law provides that unless a claimant appeals a determination within 15 days, such determination "shall be final and compensation shall be paid or denied in accordance therewith." 43 P.S. § 821(e). This 15-day appeal requirement is mandatory and subject to strict application. *Vereb v. Unemployment Comp. Bd. of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Shea v. Unemployment Comp. Bd. of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006); *see also Edwards v. Unemployment Comp. Bd. of Review*, 639 A.2d 1279, 1281 (Pa. Cmwlth. 1994) (stating that the referee and the Board lack jurisdiction to consider appeals filed outside the 15-day window established in Section 501(e) of the Law, 43 P.S. § 821(e)). Thus, "an appeal filed merely one day after the expiration of the fifteen-day time period must be dismissed as an untimely appeal." *Shea*, 898 A.2d at 33. Therefore, the "failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993).

However, "[a]n appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the [claimant]." *Suber v. Unemployment Comp. Bd. of Review*, 126 A.3d 410, 412 (Pa.

6

Cmwlth. 2015) (quoting *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008)). A breakdown in the administrative process occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (quoting *Union Electric Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000)). "[T]he claimant bears a heavy burden to justify an untimely appeal." *Roman–Hutchinson v. Unemployment Comp. Bd. of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

Here, Claimant asserts for the first time in his brief that he is entitled to *nunc pro tunc* relief because the Department provided inadequate notice of the determination of fault overpayment of benefits by sending the determination to his old address. Claimant alleges that he received the notices at his present North Carolina residence on November 30, 2018 after "substantial delay due to forwarding time and a postal holiday."[7] Claimant's Brief at 6. Claimant further contends that the Board erred in failing to recognize that the Department violated his due process rights by sending the notice of determination of fault overpayment via First-Class Mail without requiring a signed receipt when he was residing outside the Commonwealth, such that he had only three business days within which to timely file an appeal. *See* Claimant's Brief at 12-16. As the Board notes in its brief, however, none of these contentions were made before the referee and, as such, are waived. *See* Board's Brief at 10-14.

At the hearing, Claimant's attorney only contended that *nunc pro tunc* relief was appropriate due to administrative error in the form of a failure of the

---

[7] The record is unclear as to the date when Claimant relocated from Delaware to North Carolina.

Department's electronic transmission process and did not raise the other arguments now raised in his brief before this Court. *See* T.T. at 5-7. Thus, Claimant failed to preserve any of these issues for appellate review. *See Chapman v. Unemployment Comp. Bd. of Review*, 20 A.3d 603, 611 (Pa. Cmwlth. 2011) (holding that an "allegation of error . . . [was] waived for purposes of appeal, and [would] not be addressed for the first time by this Court" where it "was not raised either before the [r]eferee or before the Board"); *see also* Pa.R.A.P. 1551(a) (providing that in exercising its appellate jurisdiction, "[n]o question shall be heard or considered by the court which was not raised before the government unit"); Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a) (stating that a "party may not raise upon appeal any other question not raised before the agency").[8]

Claimant does not maintain on appeal his previous argument that administrative error in the form of some presumptive malfunction of the Department's electronic transmission contributed to the untimeliness of his appeal. However, we note that had Claimant raised this argument on appeal, he would not prevail. *See* Section 101.82(b)(4) of the Board's Regulations, 34 Pa. Code § 101.82(b)(4) (stating that "[a] party filing an appeal by electronic transmission is responsible . . . for delay, disruption, interruption of electronic signals and

---

[8] Claimant also argues, on appeal for the first time, that the 15-day appeal requirement contained in Section 501(e) applies only to determinations regarding the validity of applications and eligibility for benefits, and that the imposition of a penalty under Section 804 of the Law is not equivalent to a determination of eligibility. *See* Claimant's Brief at 14. Again, Claimant did not raise this argument in his appeal to the Board and, hence, it is waived. Pa.R.A.P. 1551(a); *Chapman*. Even if not waived, as the Board correctly notes in its brief, this argument is without merit as Section 804 of the Law explicitly calls for the issuance of overpayment determinations by the Department and affords parties with the same appeal rights applicable to eligibility determinations. *See* Section 804(b)(2) of the Law, 43 P.S. § 874(b)(2) ("The claimant and other affected parties shall be notified in writing of the [D]epartment's determination to deduct any sum from future compensation under this section, and such determination shall be subject to appeal in the manner provided in this act for appeals from determinations of compensation."). *See* Board's Brief at 13.

readability of the document and accepts the risk that the appeal may not be properly or timely filed," and that "[t]he date of filing is the receipt date recorded by the Department appeal office or the Board's electronic transmission system"); *see also McClean v. Unemployment Comp. Bd. of Review*, 908 A.2d 956, 959 (Pa. Cmwlth. 2006) (affirming the Board's refusal to grant an untimely appeal *nunc pro tunc* where claimant accepted the risk of filing an appeal via e-mail in accordance with Section 101.82(b)(4) of the Board's Regulations, 34 Pa. Code § 101.82(b)(4)).

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chad Ross,                                    :
                    Petitioner               :
                                             :
          v.                                 :
                                             :
Unemployment Compensation                    :
Board of Review,                             :       No. 408 C.D. 2019
                    Respondent               :


O R D E R


          AND NOW, this 5th day of June, 2020, the March 7, 2019 order of the

Unemployment Compensation Board of Review is AFFIRMED.


                              _____
                              CHRISTINE FIZZANO CANNON, Judge