IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mercady Hazlett, :
               Petitioner :
 :
         v. : No. 1465 C.D. 2022
 : Submitted: December 4, 2023
Unemployment Compensation :
Board of Review, :
               Respondent :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT              FILED:  March 1, 2024

        Mercady Hazlett (Claimant), *pro se*, has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board) affirming the Referee's decision that dismissed Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  After review, we affirm.

        In March 2020, Claimant applied for and received unemployment compensation benefits until May 2020.  On April 16, 2021, the Department of Labor and Industry (Department), through its Unemployment Compensation Service Center, issued a notice of determination to Claimant that she was not entitled to the benefits she received in 2020.  This made her liable for a non-fault overpayment of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L (1937) 2897, *as amended*, 43 P.S. §821(e).

benefits.[2]  The last day to appeal this determination was May 5, 2021.  Claimant appealed on September 14, 2021, and she explained as follows:

>  I do apologize for this late appeal. I did not receive this appeal until the end of May due to moving in with my mother. The appeal was sent to my previous address. Also I called UC benefits and waited to hearing [sic] from them about my appeal since it was late. I have received an email explanation about my appeal and they told me I could file a late appeal and explain why.

Certified Record at 17 (C.R. ____).

The Referee held a telephonic hearing on November 2, 2021, and Claimant testified as follows.  She filed for unemployment benefits in March 2020 after being laid off by her employer, Cracker Barrel, due to COVID-19.  Her benefits ended in May of 2020.  In January 2021, Claimant moved to her mother's house and contacted the postal service to forward her mail.  Claimant did not contact the Department about the address change for the reason that she was no longer collecting unemployment benefits.  By the time Claimant received the Service Center's April 16, 2021, notice of determination, the appeal deadline had passed.  She contacted the Department several times to inquire about the appeal process and received no response until September 2021, when the Department staff told her that she could just "tell [the Referee] that it was late" and explain her reasons.  Notes of Testimony

---

[2] The recoupment of non-fault overpayments of unemployment compensation benefits is provided in Section 804(b)(1) of the Law, which states:

> Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph.

43 P.S. §874(b)(1).

(N.T.) at 8; C.R. 51. Claimant acknowledged receiving an appeal instruction attached to the Service Center's determination, but, nevertheless, she "wanted to talk to Unemployment . . . to walk through this, because [she was] so new to this[.]" N.T. at 8; C.R. 51.

The Referee dismissed Claimant's appeal because it was filed beyond the 15-day time period set forth in Section 501(e) of the Law.[3] The Referee noted that to have jurisdiction to consider an appeal filed after the 15-day appeal period, a claimant must show either fraud or a breakdown in the administrative process which caused the late appeal. Claimant presented no evidence that she was misinformed or misled regarding her right to appeal; thus, the Referee lacked jurisdiction to consider Claimant's appeal. The Board adopted and incorporated the Referee's findings and conclusions and affirmed the Referee's decision. Claimant petitioned for this Court's review.[4]

On appeal, Claimant argues that her appeal should be deemed as timely filed because she arranged for the postal service to forward her mail when she moved in with her mother. Claimant did not believe that she needed to notify the Department about her address change because she had not received benefits from the Department in over six months. When she received the Service Center's April 16, 2021, notice of determination, she contacted the Department but received no

---

[3] In Section 3 of the Act of June 30, 2021, P.L. 173, the General Assembly extended the appeal deadline in Section 501(e) of the Law from 15 days to 21 days, which applies to notices of determination issued after July 24, 2021. Here, the Department's notice of determination was issued before July 24, 2021, and thus the 15-day appeal period still applied.

[4] The Court's review determines whether constitutional rights were violated, an error of law was committed, a practice or procedure of the Board was not followed, or the findings of fact are supported by substantial evidence in the record. *Western and Southern Life Insurance Co. v. Unemployment Compensation Board of Review*, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006).

response until September 2021, when the staff told her she could still file her appeal and explain her reasons for the delay.

At the time Claimant received the Department's notice, Section 501(e) of the Law provided:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

*Former* 43 P.S. §821(e).

A claimant's failure to timely appeal within the deadline is a jurisdictional defect, which this Court may not overlook or disregard. *Shea v. Unemployment Compensation Board of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006) (quoting *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003)). The appeal deadline cannot be extended as a matter of grace or indulgence. *Id.* To justify an untimely appeal and obtain *nunc pro tunc* relief, a claimant bears a heavy burden of demonstrating extraordinary circumstances involving (1) fraud or a breakdown in the administrative authority's operation; (2) non-negligent conduct of an attorney or her staff; or (3) non-negligent conduct of the claimant that was beyond her control. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Simply stating that a notice was not received is not sufficient for *nunc pro tunc* relief. *See Best Courier v. Department of Labor and Industry, Office of Unemployment Compensation Tax Services*, 220 A.3d 696, 701 (Pa. Cmwlth. 2019). "Where notice

is mailed to a claimant's last known address and not returned by the postal authorities as undeliverable, the claimant is presumed to have received it and is barred from attempting to appeal after the expiration of the appeal period[.]" *Mihelic v. Unemployment Compensation Board of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979).

Here, Claimant received unemployment benefits between March and May of 2020. On April 16, 2021, the Department determined that she was not entitled to the benefits she had received in 2020 and thus was liable for a non-fault overpayment of unemployment benefits. Claimant did not receive the Service Center's determination until after the appeal deadline had passed. Claimant still did not appeal the determination until four months after receiving the determination. Claimant did not identify an administrative breakdown to justify her untimely appeal but simply argued that she "cannot control how mail comes and goes[.]" Claimant Brief at 8. This does not constitute an extraordinary circumstance that would justify Claimant's untimely appeal.[5] *Hessou*, 942 A.2d at 198.

---

[5] The Department's delay in reviewing an award of unemployment compensation benefits until after benefits have terminated can, in some instances, warrant *nunc pro tunc* relief. For example, in *Byrd v. Unemployment Compensation Board of Review* (Pa. Cmwlth., Nos. 1231, 1232, and 1233 C.D. 2019, filed February 4, 2021) (unreported), this Court held that the claimant was entitled to *nunc pro tunc* relief because the Department's five-year delay in investigating the claimant's unemployment compensation benefits constituted an administrative breakdown. In *Ruffner v. Unemployment Compensation Board of Review*, 172 A.3d 91 (Pa. Cmwlth. 2017), we held that the Department's unexplained delay of 19 months between the claimant's application for unemployment benefits and the Department's determination of ineligibility and a fault overpayment did not constitute a prompt examination under Section 501(c)(1) of the Law, 43 P.S. §821(c)(1). Here, Claimant is subject only to a non-fault overpayment of benefits by way of an offset of a future award of unemployment benefits, should she ever seek them.

Claimant did not present evidence that would justify a *nunc pro tunc* appeal. Accordingly, the Board did not err in dismissing Claimant's appeal from the Department's determination as untimely.

We therefore affirm the Board's June 28, 2022, adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mercady Hazlett, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1465 C.D. 2022 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 1st day of March, 2024, the adjudication of the Unemployment Compensation Board of Review, dated June 28, 2022, in the above-captioned matter, is AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge Emerita