**LeShane Kellsey McKNIGHT,
Petitioner**

**v.**

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 11, 2014.

Decided July 10, 2014.

Publication Ordered Oct. 7, 2014.

Andrea E. Mertz, Wyomissing, for petitioner.

Shawn Westhafer, Assistant Counsel, Harrisburg, for respondent.

BEFORE: BERNARD L. McGINLEY, Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge McCULLOUGH.

LeShane Kellsey McKnight (Claimant) petitions for review of the September 16, 2013 order of the Unemployment Compensation Board of Review (Board) which dismissed Claimant's appeal from a referee's decision as untimely under section 502 of the Unemployment Compensation Law (Law).[1] We affirm.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 822. In relevant part, section 502 of the Law states that the referee's decision "shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision the board acts on its own motion, to review the decision of the referee." *See also,* 34 Pa.Code § 101.82(a) (a party seeking to appeal a Department determination shall file an appeal on or before the 15th day after the date on which notice of the Department's decision

Claimant worked for Hoffman Industries (Employer) as an assembler from September 2011 until December 19, 2012. Following his separation from employment, Claimant filed an application for benefits, which was denied by the local service center. Claimant appealed, and a referee held a hearing on June 18, 2013, at which both parties presented evidence. The referee resolved all conflicts in testimony in Employer's favor, found that Claimant voluntarily quit his job in violation of Employer's policy, and concluded that Claimant failed to establish necessitous and compelling reason for doing so. The referee affirmed the denial of benefits and held that Claimant was ineligible for compensation under section 402(b) of the Law, 43 P.S. § 802(b). The referee's decision was mailed on June 21, 2013, and it advised Claimant that he had fifteen days to appeal and that the final date to appeal was July 8, 2013.

The Board received Claimant's appeal on July 10, 2013. By correspondence dated July 17, 2013, the Board informed Claimant that his appeal appeared to be untimely filed. The Board advised Claimant that if he believed his appeal was filed within fifteen days of the referee's decision, he should submit a written request to the Board for a hearing on the timeliness issue. Claimant did so, and, by order dated August 6, 2013, the Board remanded the matter to the referee to hold a hearing and serve as the Board's hearing officer. The remand hearing was held on August 23, 2013.

Claimant, participating *pro se*, testified that he received the referee's decision on June 22, 2013, one day after it was mailed. (Notes of Testimony (N.T.) at 3.) Claimant stated that he received the referee's deci-

sion on a Saturday and called his attorney on Monday to schedule an appointment. Claimant said he met with his attorney on July 3rd and placed his appeal form in a mailbox on July 5th, before the first scheduled pickup at 9:30 a.m. He acknowledged that the envelope containing his appeal to the Board did not have a postmark. (Board exhibit G.)

In a decision and order dated September 16, 2013, the Board made the following findings: Claimant received the referee's June 21, 2013 decision on June 22nd; the referee's decision informed Claimant that July 8, 2013 was the final day on which to file a timely appeal to the Board; Claimant's appeal was filed on July 10, 2013, two days late; unemployment authorities did not misinform or mislead Claimant concerning his right to appeal; and Claimant's late appeal was not caused by fraud, a breakdown in the administrative process, or non-negligent conduct. (Findings of Fact Nos. 1–6.)

The Board noted that, although Claimant testified that he mailed his appeal on July 5, 2013, the envelope in which his appeal was mailed lacks a postmark evidencing that date. The Board further noted that, absent a certificate of mailing, certified mail receipt, postmark, or postage meter mark, an appeal mailed to the unemployment compensation authorities is considered filed on the date it is received. Thus, the Board rejected Claimant's assertion that he mailed his appeal on July 5th and concluded that his appeal was not filed until July 10, 2013, beyond the fifteen-day period provided under section 502 of the Law. Accordingly, the Board dismissed Claimant's appeal as untimely.

On appeal to this Court,[2] Claimant asserts that the Board's decision reflects a

---

was delivered personally or mailed to the party at his last known address).

**2.** Our scope of review is limited to determining whether constitutional rights have been

capricious disregard of Claimant's unrebutted, credible testimony. Claimant also contends, without elaboration, that the alleged delay in filing his appeal resulted from the negligence of the United States Postal Office ("USPS") in not providing a postmark on the envelope rather than any negligence on his part, and, therefore, he is entitled to *nunc pro tunc* relief. However, Claimant's primary argument is that the applicable regulation, at 34 Pa.Code § 101.82(b)(1)(ii), despite a 2003 amendment, remains unduly inflexible.

Prior to the amendment of the regulation in 2003, an appeal sent by mail would be deemed to be timely filed, even if it was received after the fifteen-day appeal period, if the appeal bore a USPS postmark with a date that fell within the fifteen-day time period set forth in section 502. *Lin v. Unemployment Compensation Board of Review*, 558 Pa. 94, 735 A.2d 697 (1999). If the envelope did not have an official USPS postmark, the filing date was determined to be the date on which the Board received the appeal. *Id.*

In *Lin*, the court considered consolidated appeals from claimants who were terminated from their employment and received determinations from the Office of Employment Security that they were ineligible for benefits. The claimants' appeals from those determinations were received one day late and were dismissed by a referee as untimely because the envelopes contained a private postage meter mark rather than an official USPS stamp. The claimants appealed to the Board, which affirmed. On further appeal to this Court, the claimants argued that a private postage meter stamp should be sufficient to prove that an appeal was timely filed. This Court disagreed and held that a pri-

vate postage meter mark is not equivalent to a USPS postmark.

The claimants appealed to our Supreme Court, which affirmed. The court agreed that "a United States postmark is the most reliable means of accurately dating the mailing of an appeal in an unemployment compensation case. The date on a private postage meter can be readily changed to any date by the user; therefore it lacks the inherent reliability of the official United States postmark." *Id.* at 700 (footnote omitted). Thus, the Supreme Court held in *Lin* that where the filing date is evidenced only by a private postage meter mark, the filing date is the date when it is received. *Id.* Observing that the claimants' appeals bore private postage marks and were received after the filing deadline, the court agreed that the claimants' appeals were untimely.

In *UGI Utilities, Inc. v. Unemployment Compensation Board of Review*, 776 A.2d 344 (Pa.Cmwlth.2001), the claimant was granted unemployment benefits by the local service center. The deadline to appeal was February 7, 2000, and the employer's appeal was not received until February 8, 2000. As in *Lin*, the envelope did not contain an official USPS postmark. However, it did contain a private postage meter mark and a barcode stamp used by the USPS to facilitate automated processing. The barcode contained the day of the month and the time the envelope was processed. The referee found that the barcode did not constitute a postmark and that the appeal was untimely filed. The referee subsequently dismissed the employer's appeal, and the Board affirmed.

On appeal to this Court, we held that a barcode on an envelope was insufficient

violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

proof of the filing date because in order to determine the mail date, a USPS representative would be required to decode the barcode. *Id.* at 348. In so concluding, we relied on the Supreme Court's decision in *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364, 366 (1984), holding that the filing date must be discernable from either the face of a document or from the internal records of the court and, therefore, a barcode was insufficient. *UGI Utilities Inc.,* 776 A.2d at 348. However, recognizing the harshness of our holding, we recommended that the Board consider modifying its regulation, in light of the number of appeals that were held to be untimely due to the absence of a postmark despite circumstantial or direct evidence strongly suggesting that the appeals were filed timely. *Id.* at 348–49.

In 2003, the Board amended 34 Pa.Code § 101.82 to recognize a private postage meter mark as acceptable evidence of the mailing date:

(b) A party may file a written appeal by any of the following methods:

(1) United States mail. The filing date will be determined as follows:

(i) The date of the official United States Postal Service postmark on the envelope containing the appeal, a United States Postal Service Form 3817 (certificate of Mailing) or a United States Postal Service certified mail receipt.

(ii) If there is no official United States Postal Service postmark, United States Postal Service Form 3817 or United States Postal Service certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.

34 Pa.Code § 101.82(b)(1)(i), (ii).

In this case, Claimant argues that to avoid the harsh result noted in *UGI Utilities Inc.,* § 101.82(b) should be liberally construed and provide enough flexibility to allow *any* evidence of the filing date that is not vulnerable to human manipulation. In making this argument, Claimant notes that the Pennsylvania Rules of Appellate Procedure instruct courts to liberally construe rules. However, while the Pennsylvania Rules of Appellate Procedure govern appeals to this Court, appeals to the Board are governed by the Board's regulations. *Vereb v. Unemployment Compensation Board of Review,* 676 A.2d 1290, 1294 (Pa. Cmwlth.1996). More important, we must defer to the Board's interpretation of its own regulation unless it is clearly erroneous, *UGI Utilities, Inc.,* 776 A.2d at 348, and the Board's interpretation that § 101.82(b) does not contemplate testimony as adequate proof of mailing is not clearly erroneous.

In *Shea v. Unemployment Compensation Board of Review,* 898 A.2d 31 (Pa. Cmwlth.2006), the claimant's appeal to the Board was initially mailed within the fifteen-day appeal period, but it was subsequently returned for insufficient postage and re-sent three days after the appeal period expired. We rejected the claimant's argument, relying on *UGI,* that her appeal should be considered timely. In doing so, we concluded that "[t]he flexibility referred to in *UGI* was addressed by the Board with its September 2003 amendment to Section 101.82(b) of the Code [which] now allows the date of filing to be reflected through a postage meter mark, where there is no USPS postmark date." *Id.* at 35. Further, we emphasized in *Shea* that the fifteen-day appeal period set forth in section 502 of the Law is mandatory.

[I]f an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter. Appeal periods, even at the administrative level, are jurisdictional and may not be extended as

a matter of grace or indulgence; otherwise, there would be no finality to judicial action. Therefore, even an appeal filed merely one day after the expiration of the fifteen-day time period must be dismissed as an untimely appeal.

*Id.* at 33 (citations omitted).

Based on the foregoing, we must conclude that the Board properly dismissed Claimant's appeal as untimely.[3] Accordingly, we affirm.

### ORDER

AND NOW, this 10th day of July, 2014, the order of the Unemployment Compensation Board of Review, dated September 16, 2013, is affirmed.

---

**3.** In an apparent attempt to secure *nunc pro tunc* relief, Claimant also argues that USPS was negligent in only providing a barcode on the envelope rather than a postmark and in causing the delay in delivering the appeal after Claimant put it in a mailbox. However, Claimant did not raise this issue in his petition for review; therefore, it is waived. *Jimoh v. Unemployment Compensation Board of Review*, 902 A.2d 608, 611 (Pa.Cmwlth.2006).