John H. Glass,           :
        Petitioner    :
            :
        v.    :
            :
Unemployment Compensation    :
Board of Review,           :     No. 698 C.D. 2019
        Respondent    :     Submitted: September 27, 2019

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY              FILED: December 3, 2019

John H. Glass (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) May 21, 2019 order dismissing Claimant's appeal as untimely. The sole issue before this Court is whether the UCBR properly dismissed Claimant's appeal as untimely. After review, we affirm.

Trail Electrical Service (Employer) employed Claimant as a full-time electrician's helper from April 1, 2018 until September 11, 2018, his last day of work. On July 12, 2018, Claimant arrived at work smelling of alcohol and in an intoxicated condition. On or about July 13, 2018, Employer warned Claimant that such conduct was unacceptable. On September 11, 2018, Claimant again appeared at work smelling of alcohol and in an intoxicated condition. Employer suspended Claimant. On or about September 17, 2018, Employer terminated Claimant's employment for twice appearing at work in an intoxicated state and presenting a safety concern for himself and others.

Claimant applied for UC benefits. On January 25, 2019, the Harrisburg Overflow Center (UC Service Center) denied Claimant UC benefits under Section 402(e) of the UC Law (Law).[1] Claimant appealed and a Referee hearing was held. On March 5, 2019, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On March 27, 2019, the UCBR notified Claimant that the appeal appeared untimely on its face and, if he believed it was timely, he must request a hearing on the timeliness issue. On April 4, 2019, Claimant requested a hearing. After a remand hearing was held, the UCBR dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law.[2] Claimant appealed to this Court.[3]

Initially, Section 501(e) of the Law mandates:

> **Unless the claimant** . . . **files an appeal with the** [**UCBR**], from the determination contained in any notice required to be furnished by the [Department of Labor and Industry (Department)] under [S]ection [501](a), (c) and (d), [43 P.S. § 801(a), (c)-(d),] **within fifteen calendar days after such notice** was delivered to him personally, or **was mailed to his last known post office address**, and applies for a hearing, **such determination** of the [D]epartment, with respect to the particular facts set forth in such notice, **shall be final** and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e) (emphasis added). Further, Section 101.82(b)(1) of the UCBR's Regulations provides:

> The filing date will be determined as follows:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

[2] 43 P.S. § 821(e).

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

(i) The date of the official United States Postal Service [(USPS)] postmark on the envelope containing the appeal, a [USPS] Form 3817 (Certificate of Mailing) or a [USPS] certified mail receipt.

(ii) If there is no official [USPS] postmark, [USPS] Form 3817 or [USPS] certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.

(iii) **If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by** the Department, the workforce investment office or **the [UCBR] when it receives the appeal**.

34 Pa. Code § 101.82(b)(1) (emphasis added).

Here, the Referee mailed the decision to Claimant on March 5, 2019. The Referee's decision specified that the final date to appeal therefrom was March 20, 2019. *See* Certified Record Item 12 at 1. The UCBR received Claimant's appeal on Thursday, March 21, 2019. Claimant testified at the remand hearing that he mailed the appeal on the Sunday before it was due (i.e., March 17, 2019). The envelope containing Claimant's appeal had a barcode and no postmark.

This Court has held: "[A] barcode on an envelope was insufficient proof of the filing date because in order to determine the mail date, a USPS representative would be required to decode the barcode." *McKnight v. Unemployment Comp. Bd. of Review*, 99 A.3d 946, 948-49 (Pa. Cmwlth. 2014). "More important, [this Court] must defer to the [UCBR's] interpretation of its own regulation unless it is clearly erroneous, and the [UCBR's] interpretation that [Section 101.82(b)(1) of the UCBR's Regulations] does not contemplate testimony as adequate proof of mailing is not clearly erroneous." *McKnight*, 99 A.3d at 949 (citation omitted). Accordingly, the filing date of Claimant's appeal is March 21, 2019, one day after the specified deadline.

3

> [I]f an appeal is not timely filed within the specified time period, the determination becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the matter. Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action. Therefore, even an appeal filed merely one day after the expiration of the fifteen-day time period must be dismissed as an untimely appeal.

*McKnight*, 99 A.3d at 949-50 (quoting *Shea v. Unemployment Comp. Bd. of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006)).

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John H. Glass, : 
            Petitioner : 
             : 
        v. : 
             : 
Unemployment Compensation : 
Board of Review, :      No. 698 C.D. 2019
            Respondent : 

## O R D E R

AND NOW, this 3rd day of December, 2019, the Unemployment Compensation Board of Review's May 21, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge