IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Johnson,                          :
                    Petitioner         :
                                       :
          v.                           :    No. 1572 C.D. 2022
                                       :    Submitted: February 6, 2024
Unemployment Compensation              :
Board of Review,                       :
                    Respondent         :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED:  March 5, 2024

          Carl Johnson (Claimant), appearing *pro se*, petitions for review of an
adjudication of the Unemployment Compensation Board of Review (Board), which
affirmed the referee's decision to dismiss Claimant's appeal as untimely under
Section 501(e) of the Unemployment Compensation Law (UC Law), 43 P.S. §
821(e).[1]  Upon review, we affirm.

## I. BACKGROUND[2]

          Claimant was employed as a community health worker at Thomas
Jefferson University (Employer).  Claimant voluntarily quit his job on September
21, 2021, because he claimed that he no longer could work under his supervisor.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
821(e).  Effective July 24, 2021, Section 501(e) was amended to increase the time to file an appeal
from 15 days to 21 days.

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's
decision, which is supported by substantial evidence of record.  *See* Bd.'s Dec., 8/9/22.

Hr'g Tr., 6/7/22, at 7-8. Specifically, Claimant asserted that his supervisor created a hostile work environment for him after he had informed his supervisor that she was not abiding by certain established policies. *Id.* at 7-11.

Claimant filed for unemployment compensation (UC) benefits on September 26, 2021. *See* Claim Appl., 9/30/21. On February 25, 2022, Claimant was mailed a notice of determination, informing Claimant that he was not eligible for unemployment benefits. *See* Notice of Determination, 2/25/22. The notice was mailed to the address that Claimant had provided and indicated the final date to appeal was March 18, 2022. *See id.* Claimant filed his appeal from the notice of determination on March 23, 2022, five days after the deadline for appealing.

A hearing was held before the referee. At the hearing, Claimant testified on his own behalf.[3] The referee questioned Claimant about when Claimant received the notice of determination and filed his appeal. Hr'g Tr., 6/7/22, at 4-7. Claimant testified that he had spoken with a UC Center interviewer on February 3, 2022. *Id.* at 4. He claimed that he was confused about the course of action to file an appeal because at that time, the interviewer never informed him that he would receive a notice of determination or what the appeal process would be. *See id.* The referee repeatedly asked Claimant to inform him when Claimant had received the notice of determination. *Id.* at 4-7. Claimant could not identify a specific date but initially stated that he had received the notice before March 18, 2022. *Id.* at 4-5. Upon further questioning, however, Claimant contradicted his earlier testimony and claimed that he had received the notice on the same day that he filed his appeal, March 24, 2022.[4] *Id.* at 5-7.

---

[3] No representative of Employer attended the hearing, and Claimant appeared *pro se*.

[4] The record indicates that Claimant filed his appeal on March 23, 2022, not March 24, 2022. *See* Appeal from Notice of Determination, 3/23/22.

The referee did not credit Claimant's testimony, nor did he find credible evidence that Claimant was prevented from filing a timely appeal or misled regarding his right to appeal. Accordingly, the referee dismissed Claimant's appeal as untimely. Claimant appealed to the Board, which affirmed the referee's decision.[5] Claimant timely petitioned this Court for review.

## II. ISSUE

Claimant challenges the dismissal of his appeal as untimely. He contends that he acted "with reasonable diligence" and "took all available steps" to file his appeal in a timely manner. Pet'r's Br. at 12. According to Claimant, "administrative irregularities" arising from the COVID-19 pandemic prevented his timely appeal. *See id.* In support of this assertion, Claimant points to certain documents that do not appear of record. *See id.* at 13. Although it is not entirely clear from his argument, we infer that Claimant is suggesting that these documents contributed to his confusion as to when he was required to appeal. *See id.* at 12-13. Thus, we will review whether Claimant should be entitled to appeal the notice of determination *nunc pro tunc*.[6]

In response, the Board rejects Claimant's reliance on documents not of record. Resp't's Br. at 8. Additionally, according to the Board, these documents

---

[5] Although the Board adopted the referee's findings and conclusions, the Board noted that the referee erred in stating that a claimant has 15 days after the date of a determination to file an appeal. Bd.'s Dec., 8/9/22, at 1-2. The Board correctly noted that as of July 24, 2021, a claimant has 21 days after a determination to file an appeal. *Id.* However, this was not determinative because Claimant filed his appeal more than 21 days after he received the notice of determination. *Id.* at 2.

[6] Claimant identifies six questions to be resolved. *See* Pet'r's Br. at 7. Generally, these issues are related to the timeliness of his appeal. *See id.* However, we acknowledge that Claimant also asserts that he is eligible for UC benefits because Employer did not attend the hearings to contest his eligibility. *See id.* at 7, 13-15. The timeliness of Claimant's appeal to the referee is dispositive; therefore, we do not reach his claim of eligibility.

reference a different referee decision, as is apparent from the different determination number and different section of the UC Law discussed therein. *See id.* at 8. Pointing to the absence of any evidence of fraud or administrative breakdown, as well as its credibility findings, the Board asserts that Claimant is not entitled to *nunc pro tunc* relief. *See id.* at 9-11.

### III. DISCUSSION[7]

Under Section 501(e) of the UC Law, a claimant must file an appeal within 21 days of a determination. 43 P.S. § 821(e). The untimely filing of an appeal warrants dismissal because the timely filing of an appeal, even at the administrative level, is jurisdictional. *McKnight v. Unemployment Comp. Bd. of Rev.*, 99 A.3d 946, 949 (Pa. Cmwlth. 2014). An untimely appeal may be considered in limited circumstances. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). However, because the statutory time limit for appeals is mandatory, a petitioner bears a heavy burden to establish the right to have an untimely appeal considered. *Id.* To satisfy this heavy burden, the claimant must establish that his untimely appeal was caused by (1) an administrative authority engaging in

---

[7] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *Id.* at 136. When there is substantial evidence to support the Board's findings, they are conclusive on appeal, even if there is contrary evidence of record. *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (*CCTA*). The Board is the ultimate factfinder, entitled to make its own determinations on evidentiary weight and witness credibility, and is free to accept or reject the testimony of any witness, in whole or in part. *Id.* Resolution of credibility questions and evidentiary conflicts within the Board's discretion "are not subject to re-evaluation on judicial review." *Id.* (internal citation omitted). Whether the record contains evidence to support findings other than those made by the factfinder is irrelevant; "the critical inquiry is whether there is evidence to support the findings actually made." *Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 484 (Pa. Cmwlth. 2018).

4

fraudulent behavior or manifestly wrongful or negligent conduct, or (2) non-negligent conduct beyond the claimant's control caused the delay. *Walthour v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 837, 842-43 (Pa. Cmwlth. 2022).

Here, Claimant was mailed a notice of determination to his listed mailing address on February 25, 2022. *See* Notice of Determination, 2/25/22. The notice indicated that the final date to appeal was March 18, 2022. *See id.* Claimant did not file his appeal until March 23, 2022, five days after the deadline for appealing. Therefore, Claimant's appeal was untimely because he did not file it within 21 days of the determination. *See* Section 501(e) of the UC Law, 43 P.S. § 821(e).

Further, Claimant did not establish that he is entitled to *nunc pro tunc* relief. Specifically, he failed to establish that his untimely appeal was caused by an administrative authority engaging in fraudulent behavior or manifestly wrongful or negligent conduct. Claimant asserts that the UC Center failed to contact him and provide proper instructions because they were overwhelmed with claims related to the COVID-19 pandemic. *See* Pet'r's Br. at 8-12. Claimant asserts that these "administrative irregularities" prevented him from timely filing his appeal. *See id.* However, Claimant's assertion is not persuasive because these alleged "administrative irregularities" occurred *before* the notice of determination was mailed to Claimant. *See id.* Thus, Claimant failed to establish that his untimely appeal was caused by an administrative authority engaging in fraudulent behavior or manifestly wrongful or negligent conduct. *See Walthour*, 276 A.3d at 842-43.

Claimant also failed to establish that his untimely appeal was caused by non-negligent conduct beyond his control. *See id.* Claimant asserts that his untimely appeal was beyond his control because he was misinformed about his appeal

deadline. *See* Pet'r's Br. at 12-13. Specifically, Claimant alleges that a March 2, 2022 decision from a referee indicated that his final date to appeal was March 23, 2022.[8] *See id.* Claimant argues that his appeal was timely from the date of this notice. *See id.*

"[I]t is black letter law that an appellate court cannot consider anything which is not a part of the record in this case." *McCaffery v. Pittsburgh Athletic Ass'n*, 293 A.2d 51, 57 (Pa. 1972) (citation omitted). Similarly, Section 504 of the UC Law, 43 P.S. § 824, and 34 Pa. Code § 101.106 provide, in pertinent part, that the Board's consideration of the issues and facts must be "on the basis of the evidence previously submitted[.]" Here, the documents proffered by Claimant are not in the certified record. *See generally* Certified R. Claimant attached these documents to his Petition. *See* Pet. for Rev. Additionally, at the hearing, the referee informed Claimant which documents were in the record. *See* Hr'g Tr., 6/7/22, at 3-4. The referee's recitation of the file documents did not include the documents that Claimant attached to his Petition. *See id.* At that time, Claimant did not mention that those documents should be considered. *See id.* Therefore, these documents cannot be considered on appellate review.[9]

The only other evidence offered by Claimant was his testimony. Claimant provided inconsistent testimony regarding the date he had received the

---

[8] Claimant also alleges that he received a letter to vacate determination from the UC Center on March 10, 2022. *See* Pet. for Rev.

[9] Even if these documents were of record, they would largely be irrelevant to Claimant's appeal because they concerned a different determination. The February 25, 2022 notice of determination found Claimant ineligible for UC benefits at determination number 20992536 under Section 402(b) of the UC Law, 43 P.S. § 802(b). *See* Notice of Determination, 2/25/22. The March 2, 2022 referee decision and the March 9, 2022 letter to vacate determination had different determination numbers and referee docket numbers, and considered whether Claimant was eligible for UC benefits under Section 401(c) of the UC Law, 43 P.S. § 801(c). *See* Pet. for Rev.

6

notice until ultimately stating that he had received the notice on March 24, 2022. *See* Hr'g Tr., 6/7/22, at 4-7. The referee did not find Claimant's testimony credible. Ref.'s Dec., 6/10/22, at 2. The Board adopted the referee's credibility determinations and further found that Claimant's testimony was "vague and unsubstantiated." Bd.'s Dec., 8/9/22, at 2. The Board's credibility determinations are entitled to deference on appeal. *See CCTA*, 201 A.3d at 947. The inconsistencies in Claimant's testimony provided a basis for the Board to conclude that Claimant's testimony was not credible. *See Sipps*, 181 A.3d at 484.

## IV. CONCLUSION

Claimant did not appeal within 21 days of the determination. Therefore, his appeal was untimely. *See* Section 501(e) of the UC Law, 43 P.S. § 821(e). Further, based on the evidence of record, Claimant failed to establish that he is entitled to *nunc pro tunc* relief. *See Walthour*, 276 A.3d at 842-43. Accordingly, we affirm the Board.

LORI A. DUMAS, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Johnson,
    Petitioner

    v.       No. 1572 C.D. 2022

Unemployment Compensation
Board of Review,
    Respondent

## **O R D E R**

  AND NOW, this 5th day of March, 2024, the Unemployment Compensation Board of Review's order, entered August 9, 2022, is AFFIRMED.


                LORI A. DUMAS, Judge