# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tammeka Dennison, | : | |
| Petitioner | : | |
| | : | No. 1574 C.D. 2023 |
| v. | : | |
| | : | Submitted: November 7, 2024 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                    **FILED: December 20, 2024**

Tammeka Dennison (Claimant), appearing *pro se*, has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board), issued on October 27, 2023, which affirmed the Referee's decision to dismiss Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (UC Law), 43 P.S. § 821(e).[1] Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Effective July 24, 2021, Section 501(e) was amended to increase the time to file an appeal from 15 days to 21 days.

# I. BACKGROUND[2]

Claimant was employed part time as a certified pharmacy technician at West Penn Allegheny Health Systems (Employer). In February 2022, Claimant was discharged for continued violation of Employer's COVID-19 vaccination policy. Claimant did not want to receive the vaccine because of her 12-year history with blood clots. Employer's policy allowed for medical exemptions, but Claimant's doctors refused to support such exemption, stating that Claimant would be more prone to clots if she contracted the virus while unvaccinated.

Claimant filed for unemployment compensation (UC) benefits on March 31, 2022. The UC Service Center deemed her ineligible for benefits on June 15, 2022. The notice informed Claimant that the final date to appeal the determination was July 6, 2022. However, Claimant did not appeal until July 13, 2022, a week after the deadline.

A hearing was held before the Referee. At the hearing, Claimant testified on her own behalf.[3] During the hearing, the Referee stated that Claimant's late appeal was an issue that would be addressed but only asked questions about the employment termination. The Referee determined that she lacked jurisdiction over the appeal due to its untimely nature. Accordingly, the Referee dismissed Claimant's appeal. In its decision, the Referee noted that Claimant did not explain why her appeal was a week late during the hearing.

Claimant appealed to the Board, which remanded to allow Claimant an opportunity to address the timeliness of her appeal. At the remand hearing, Claimant testified to her belief that she had filed an appeal using her cellphone on June 15,

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's decision, which is supported by substantial evidence of record. *See* Bd.'s Dec., 10/27/2023.

[3] No representative of Employer attended the hearing, and Claimant appeared *pro se*.

2022, when she received the notice of determination. She testified further that she had taken a screenshot of what she believed to be confirmation of her appeal. However, Claimant also conceded that she had not read this supposed confirmation until she called the UC Service Center a week after the appeal deadline and then realized that she had not submitted an appeal. The screenshot was, in fact, the notice of determination.

On October 27, 2023, the Board found the Referee's determination proper, adopted the Referee's findings and conclusions, and dismissed Claimant's appeal. Claimant sought reconsideration, which the Board denied. Claimant then timely appealed to this Court.

## II. ISSUE

Claimant contends that she is eligible for UC benefits. *See generally* Pet'r's Br.[4] According to Claimant, her tendency to develop blood clots is a necessitous and compelling medical reason that justified her noncompliance with Employer's COVID-19 vaccination policy and negates the timeliness issue of her appeal. *See* Pet'r's Br. at 11. Claimant also maintains that she completed an appeal and "received the confirmation with no error messages on June 15, 2022, at 4:43pm."[5] *Id.* at 12.

In response, the Board asserts that Claimant's appeal was untimely and that she failed to establish good cause for her late filing. Resp't's Br. at 6.

---

[4] Claimant's brief is inconsistently paginated. For example, the first page of the argument section of Claimant's brief is missing a page number. The page before is identified as page 6, yet the page after is identified as page 7. Therefore, our citations will be to the actual pages, regardless of what the pagination indicates.

[5] This assertion clearly contradicts Claimant's testimony during the remand hearing, conceding that she had not submitted an appeal on June 15, 2022. Remand Hr'g Tr., 10/5/22, at 4.

According to the Board, while Claimant argues she filed a timely appeal, this argument is belied by the record. *Id.* at 7.

### III. DISCUSSION[6]

Preliminarily, we must address the timeliness of Claimant's appeal to the Referee, as it implicates the jurisdiction of the Referee to consider her appeal. Under Section 501(e) of the UC Law, a claimant must file an appeal within 21 days of a determination. 43 P.S. § 821(e). The untimely filing of an appeal warrants dismissal because the timely filing of an appeal, even at the administrative level, is jurisdictional. *McKnight v. Unemployment Comp. Bd. of Rev.*, 99 A.3d 946, 949 (Pa. Cmwlth. 2014). An untimely appeal may be considered in limited circumstances. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). However, because the statutory time limit for appeals is mandatory, a petitioner bears a heavy burden to establish the right to have an untimely appeal considered. *Id.* To satisfy this heavy burden, the claimant must establish that her untimely appeal was caused by (1) an administrative authority engaging in fraudulent behavior or manifestly wrongful or negligent conduct, or (2) non-

---

[6] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *Id.* at 136. When there is substantial evidence to support the Board's findings, they are conclusive on appeal, even if there is contrary evidence of record. *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (*CCTA*). The Board is the ultimate factfinder, entitled to make its own determinations on evidentiary weight and witness credibility, and is free to accept or reject the testimony of any witness, in whole or in part. *Id.* Resolution of credibility questions and evidentiary conflicts within the Board's discretion "are not subject to re-evaluation on judicial review." *Id.* (internal citation omitted). Whether the record contains evidence to support findings other than those made by the factfinder is irrelevant; "the critical inquiry is whether there is evidence to support the findings actually made." *Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 484 (Pa. Cmwlth. 2018).

negligent conduct beyond the claimant's control caused the delay. *Walthour v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 837, 842-43 (Pa. Cmwlth. 2022).

Here, the UC Service Center mailed Claimant a notice of determination on June 15, 2022. *See* Notice of Determination, 6/15/22. The notice indicated that the final date to appeal was July 6, 2022. *See id.* While Claimant mistakenly believed that she had filed her appeal on June 15, 2022, she did not submit her appeal until July 13, 2022, seven days after the deadline. Therefore, Claimant's appeal was patently untimely. *See* Section 501(e) of the UC Law, 43 P.S. § 821(e).

Further, Claimant did not establish that she is entitled to *nunc pro tunc* relief. Specifically, she failed to establish that her untimely appeal was caused by an administrative authority engaging in fraudulent behavior or manifestly wrongful or negligent conduct. In her brief, Claimant baldly asserts that the Board violated her due process rights by requiring her to submit supporting documentation for a claim but then failing to deliver those documents to the Referee. *See* Pet'r's Br. at 10, 13. However, there is no support for this assertion in the record, nor did this purported interference with Claimant's claim for benefits contribute to her untimely appeal.[7] Thus, Claimant failed to establish that her untimely appeal was caused by an administrative authority engaging in fraudulent behavior or manifestly wrongful or negligent conduct. *See Walthour*, 276 A.3d at 842-43.

---

[7] We note that Claimant's passing reference to due process is not supported with pertinent authority. *See* Pa.R.A.P. 2119(a). A party's failure to properly develop an argument may result in waiver. *City of Phila. v. Workers' Comp. Appeal Bd.* (*Calderazzo*), 968 A.2d 841, 846 n.4 (Pa. Cmwlth. 2009). Nevertheless, although it is not this Court's function to develop a party's arguments, this Court generally construes *pro se* filings liberally. *C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022). To assess whether we can reach the merits of a claim raised by a *pro se* litigant, we must consider whether the defects are so substantial that they preclude "meaningful appellate review." *Tewell v. Unemployment Comp. Bd. of Rev.*, 279 A.3d 644, 652 n.9 (Pa. Cmwlth. 2022). We decline to find waiver in this case.

Claimant also failed to establish that her untimely appeal was caused by non-negligent conduct beyond her control. At the remand hearing, Claimant testified that she believed she submitted an appeal on her phone when she received the notice of determination. Specifically, she noted, "I assumed that it took it, something popped up and I was assuming that the thing that popped up was the information for appeal submitted. So, I screenshotted it." Remand Hr'g Tr., 10/5/22, at 4. Claimant also testified that she did not look at the screenshot until she called the UC Service Center *after* the appeals deadline. *Id.* It was incumbent upon Claimant to read the pop-up rather than assume it was notification of a successful appeals submission. Therefore, Claimant failed to prove the untimeliness of her appeal was caused by non-negligent actions beyond her control. *See Walthour*, 276 A.3d at 842-43.

## IV. CONCLUSION

In conclusion, Claimant did not appeal within 21 days of the determination; therefore, her appeal was untimely.[8] *See* Section 501(e) of the UC Law, 43 P.S. § 821(e). Further, based on the evidence of record, Claimant failed to establish that she is entitled to *nunc pro tunc* relief. *See Walthour*, 276 A.3d at 842-43. Accordingly, we affirm the Board.

_____
**LORI A. DUMAS, Judge**

---

[8] We do not reach the substantive issues raised in this matter because the Referee lacked jurisdiction over Claimant's appeal.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tammeka Dennison, | : | |
| Petitioner | : | |
| | : | No. 1574 C.D. 2023 |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 20th day of December, 2024, the Unemployment Compensation Board of Review's order, entered October 27, 2023, is AFFIRMED.

_____

**LORI A. DUMAS, Judge**