# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alesandra Ali Lopez, | : | |
| Petitioner | : | |
| | : | No. 1273 C.D. 2024 |
| v. | : | |
| | : | Submitted: July 7, 2025 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                      **FILED:  August 26, 2025**

Alesandra Ali Lopez (Claimant), *pro se*, has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board), which affirmed the Referee's dismissal of her appeal as untimely under Section 501(e) of the Unemployment Compensation Law (UC Law).[1]  Claimant contends that she was misled about her appellate rights and, therefore, seeks *nunc pro tunc* relief.  Upon review, we agree with the Board that Claimant failed to establish her entitlement to such relief.  Thus, we affirm.

## I. BACKGROUND[2]

Claimant filed for UC benefits, and on October 23, 2023, the UC

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[2] Except as stated otherwise, we adopt this background from the Board's Order and the Referee's decision, which was adopted by the Board, and which is supported by substantial evidence of record.  *See* Bd.'s Order, 7/30/24; Referee's Decision, 4/23/24.

Service Center (Service Center) issued a disqualifying determination, finding her ineligible because she had not registered for employment search services.[3] The determination was mailed to Claimant's last known mailing address and was not returned by the postal authorities as being undeliverable. The determination advised Claimant that the final day to appeal was November 13, 2023. On February 22, 2024, more than three months after the deadline, Claimant filed an appeal.

The Referee scheduled a hearing, identifying two issues: (1) whether Claimant timely appealed from the initial determination; and (2) whether she had complied with the requirements to actively search for suitable employment. Notice of Hr'g, 4/3/24, at 1. At the hearing, Claimant acknowledged that she "most likely" received the determination in the mail but nonetheless maintained she was unaware of the determination until she called the Service Center in February 2024. Notes of Testimony (N.T.) Hr'g, 4/23/24, at 5. Claimant testified that, prior to the call, she was confused about the appeals process. *Id.* at 6.

Finding that Claimant was neither misled nor misinformed about her appeal rights, the Referee dismissed her appeal as untimely. Claimant timely appealed to the Board, which adopted and incorporated the Referee's findings and conclusions as its own. The Board specifically found no good cause for Claimant's untimely appeal. After the Board denied her request for reconsideration, Claimant timely appealed to this Court.

---

[3] Claimant did not register with the Pennsylvania CareerLink system, as required, within 30 days of filing a UC claim. Disqualifying Determination, 10/23/23.

## II. ISSUE

Claimant challenges the Board's decision to dismiss her appeal as untimely.[4]  *See generally* Pet'r's Br.

## III. DISCUSSION[5]

Claimant does not dispute the untimeliness of her appeal to the Referee. *See generally* Pet'r's Br.  Rather, Claimant seeks *nunc pro tunc* relief, suggesting that she was misled or misinformed regarding her appellate rights.  *See generally id.* For example, Claimant asserts that she contacted the Service Center three times over the course of several months but was not informed of her appellate rights until her final call.  *See id.* at 6-8.  According to Claimant, she was unaware of how to file an appeal and ultimately relied upon a Service Center representative to initiate the appeals process.  *See id.*  She suggests that the Board's decision was further flawed because it failed to consider the recorded call logs documenting her interactions with the Service Center.  *See id.*

Under Section 501(e) of the UC Law, a determination issued by the

---

[4] We acknowledge the Board's contention that Claimant's arguments to this Court are underdeveloped.  *See* Resp't's Br. at 6-7.  Indeed, Claimant's arguments to this Court are unclear, and she has failed to cite any legal authority in support thereof.  *See generally* Pet'r's Br. "Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023).  Thus, a *pro se* "party's failure to include analysis and relevant authority" could result in waiver.  *See Browne v. Dep't of Transp.*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004).  Nevertheless, we decline to find waiver in this case and will endeavor to address Claimant's challenge.

[5] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence.  *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024).  In UC cases, the Board is the ultimate factfinder and resolves issues of credibility and conflicting evidence.  *Id.*  We are bound by those findings, provided they are supported by substantial evidence.  *Id.*

local UC Service Center can be appealed no later than 21 days after the "Determination Date provided on such notice." 43 P.S. § 821(e). Because this rule is jurisdictional, failure to file within the 21-day appeal period constitutes a defect that warrants dismissal and precludes consideration of the merits. *Logan v. Unemployment Comp. Bd. of Rev.*, 334 A.3d 91, 95-96 (Pa. Cmwlth. 2025); *see also McKnight v. Unemployment Comp. Bd. of Rev.*, 99 A.3d 946, 949 (Pa. Cmwlth. 2014).

Here, Claimant untimely appealed to the Referee several months after the Service Center gave notice of the determination. Referee's Findings of Fact (F.F.), 4/23/24, at No. 5. The determination was mailed on October 23, 2023, to Claimant at her last known address. *Id.* at 1-2. It was not returned by postal authorities as undeliverable, and it informed Claimant that the final date to appeal was November 13, 2023. *Id.* at 2-3. At the Referee hearing, Claimant conceded to receiving the determination in the mail. *See* N.T. at 5. Therefore, Claimant's appeal was patently untimely. *See* Section 501(e) of the UC Law, 43 P.S. § 821(e); *see also Logan*, 334 A.3d at 95-96 (holding that claimant's appeal was untimely because it was 30 days late); *Laubach v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1227 C.D. 2023, filed May 16, 2025), slip op. at 1, 2025 WL 1419837, at *2-3 (holding that claimant's appeal was "patently untimely" because it was submitted "more than three months after the deadline").[6]

In extraordinary circumstances, an untimely appeal may be considered *nunc pro tunc*. *Barsky v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 1112, 1120 (Pa. Cmwlth. 2021). However, "it is well settled that the burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal and the

---

[6] We may rely on unreported decisions of this Court for their persuasive value. *See* Pa.R.A.P. 126(b).

burden is a heavy one." *Id.* at 1119-20. To satisfy this burden, the claimant must establish circumstances involving (1) fraud or a breakdown in the administrative authority's operations; (2) non-negligent conduct by her attorney or her staff; or (3) non-negligent conduct of the claimant that was beyond her control. *Id.* at 1119. An administrative breakdown occurs when an administrative board "unintentionally misleads a party." *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Nevertheless, "possible ignorance of the law does not excuse a party to an action from her statutory obligation to file an appeal within the prescribed appeal period." *Finney v. Unemployment Comp. Bd. of Rev.*, 472 A.2d 752, 753-54 (Pa. Cmwlth. 1984) (affirming that petitioner was not entitled to an appeal *nunc pro tunc* based on the fact that he did not understand the proper procedure for an appeal).

We discern no breakdown in this case. In her testimony to the Referee, Claimant asserted that she had been misled and misinformed by the Service Center about her appellate responsibilities. According to Claimant, she delayed filing an appeal upon the advice of a Service Center representative, who had advised that Claimant "didn't have to do nothing" and "should call back when the new block opens to refile," when she would have a better chance to receive benefits. N.T. Hr'g at 4. However, upon further questioning by the Referee, it became clear that the advice Claimant received was pertinent to her financial ineligibility, not her failure to register for employment search services.[7] *See id.* at 4-5. Based on this substantial evidence, we defer to the Board's decision not to credit Claimant's explanation. *See*

---

[7] The Referee observed that the Service Center had determined that Claimant was entitled to a weekly benefit of zero dollars. N.T. Hr'g at 5. In response to questions from the Referee, Claimant confirmed that she had not earned enough wages during the benefit year to qualify for benefits. *See, e.g., id.* at 5 (Referee: "Is it correct, [that you did not earn enough money in order to qualify for benefits within your base year]?" Claimant: "Yes.").

Bd.'s Order (adopting the Referee's findings); Referee's Decision, F.F. No. 3 ("The claimant was not misled or misinformed regarding their appeal rights.").

## IV. CONCLUSION

Claimant did not appeal within 21 days of the determination; therefore, her appeal was untimely. Section 501(e) of the UC Law, 43 P.S. § 821(e). Further, based on the record, Claimant failed to establish that she is entitled to *nunc pro tunc* relief. *See Barsky*, 261 A.3d at 1120. Accordingly, we affirm the Board.

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alesandra Ali Lopez,           :
       Petitioner      :
                            :   No. 1273 C.D. 2024
        v.            :
                            :
Unemployment Compensation   :
Board of Review,           :
       Respondent    :

## **O R D E R**

AND NOW, this 26th day of August, 2025, the order of the Unemployment Compensation Board of Review, entered August 23, 2024, is AFFIRMED.

 

**LORI A. DUMAS, Judge**