# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karen Oleksak, : 
              Petitioner :
               : No. 1446 C.D. 2024
          v. :
               : Submitted: February 4, 2026
Unemployment Compensation :
Board of Review, :
              Respondent :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                     **FILED: March 16, 2026**

Karen Oleksak (Claimant), appearing *pro se*, has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board), issued on July 5, 2024, which affirmed the Referee's decision to dismiss Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (UC Law), 43 P.S. § 821(e).[1] Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Effective July 24, 2021, Section 501(e) was amended to increase the time to file an appeal from 15 days to 21 days.

## I. BACKGROUND[2]

In May 2023, Claimant filed for unemployment compensation (UC) benefits. Claim Appl. Info., 5/25/23. She was later deemed ineligible, effective May 21, 2023, because she was not unemployed. *See* Determination, 8/21/23 (citing Section 4(w)(1) of the UC Law, 43 P.S. § 753(w)(1)). The notice mailed to Claimant informed her that the final date to appeal the determination was September 11, 2023. However, Claimant did not appeal until January 16, 2024.

A hearing was held before the Referee.[3] The Referee accepted Claimant's testimony that she had received email notice of her ineligibility but was unable to open attachments to the notice. The Referee further accepted Claimant's admission that she decided to wait to address her ineligibility until she was laid off from her seasonal employment in January 2024. Based on these facts, the Referee dismissed the appeal.

Claimant timely appealed to the Board, which affirmed. Claimant then timely appealed to this Court.

## II. ISSUE

Claimant does not specifically address the timeliness of her appeal to the Referee but generally claims that persistent technical issues and inadequate assistance from the Pennsylvania Department of Labor and Industry (Department) ultimately led to the denial of her benefits.[4] *See generally* Claimant's Br.

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's adjudication, which is supported by substantial evidence of record. *See* Bd.'s Order, 7/5/24 (incorporating the Referee's findings); Referee's Dec., 3/12/24.

[3] No representative of Employer attended the hearing, and Claimant appeared *pro se*.

[4] For example, Claimant asserts the Board erred in failing to consider her technical difficulties in filing a *prior* claim in December 2022. *See* Claimant's Br. at 8, 14-15. Nevertheless, Claimant more broadly criticizes the Department's lack of assistance in resolving her technical issues. *See*

### III. DISCUSSION[5]

Preliminarily, we must address the timeliness of Claimant's appeal to the Referee, as it implicates the jurisdiction of the Referee to consider Claimant's appeal. Under Section 501(e) of the UC Law, a claimant must file an appeal within 21 days of a determination. 43 P.S. § 821(e). The untimely filing of an appeal warrants dismissal because the timely filing of an appeal, even at the administrative level, is jurisdictional. *McKnight v. Unemployment Comp. Bd. of Rev.*, 99 A.3d 946, 949 (Pa. Cmwlth. 2014).

An untimely appeal may be considered in extraordinary circumstances. *Barsky v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 1112, 1119 (Pa. Cmwlth. 2021); *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). However, because the statutory time limit for appeals is mandatory, a

*id.* at 8-9, 17-19. In response, the Board notes that Claimant challenges neither the Board's findings of fact nor its conclusions of law. Bd.'s Br. at 6-8. According to the Board, Claimant has waived the issue of timeliness, and this Court should dismiss her appeal. *Id.* We decline to find waiver. In our view, Claimant's reference to ongoing technical difficulties reflects the testimony given at her hearing. *See, e.g.*, N.T. Hr'g, 3/12/24, at 5-6 (explaining that she had received notice of her ineligibility but was unable to open attachments to the notice). Therefore, we infer from Claimant's brief a challenge to the Board's decision denying her *nunc pro tunc* relief.

[5] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *Id.* at 136. When there is substantial evidence to support the Board's findings, they are conclusive on appeal, even if there is contrary evidence of record. *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (*CCTA*). The Board is the ultimate factfinder, entitled to make its own determinations on evidentiary weight and witness credibility, and is free to accept or reject the testimony of any witness, in whole or in part. *Id.* Resolution of credibility questions and evidentiary conflicts within the Board's discretion "are not subject to re-evaluation on judicial review." *Id.* (internal citation omitted). Whether the record contains evidence to support findings other than those made by the factfinder is irrelevant; "the critical inquiry is whether there is evidence to support the findings actually made." *Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 484 (Pa. Cmwlth. 2018) (internal citations omitted).

petitioner bears a heavy burden to establish the right to have an untimely appeal considered. *Barsky*, 261 A.3d at 1120; *Hessou*, 942 A.2d at 198. To satisfy this heavy burden, the claimant must establish that her untimely appeal was caused by (1) an administrative authority engaging in fraudulent behavior or manifestly wrongful or negligent conduct, or (2) non-negligent conduct beyond the claimant's control. *Walthour v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 837, 842-43 (Pa. Cmwlth. 2022). The question of whether there are unique and compelling facts that would excuse an untimely appeal "is a legal conclusion to be drawn from the evidence and is reviewable on appeal." *Barsky*, 261 A.3d at 1120.

Here, the UC Service Center emailed Claimant notice of her ineligibility on August 21, 2023. *See* N.T. Hr'g, 3/12/24, at 4-5. The attached Determination indicated that the final date to appeal was September 11, 2023. *See* Determination. Claimant did not submit her appeal until January 16, 2024, more than four months after the deadline. *See* Claimant's Appeal from Determination, 1/16/24. Therefore, Claimant's appeal was patently untimely. *See* Section 501(e) of the UC Law, 43 P.S. § 821(e).

Further, Claimant is not entitled to *nunc pro tunc* relief. At the Referee's hearing, Claimant conceded that she took no immediate steps to appeal. *See* Hr'g Tr. at 5. When asked by the Referee for an explanation, Claimant testified, "I just thought I would deal with this situation when I was off work again [in January 2024]." *Id.* Accepting this testimony, the Board concluded that Claimant's choice to forestall her appeal precluded *nunc pro tunc* relief. *See* Bd.'s Dec. at 2.

## IV. CONCLUSION

We discern no legal error in the Board's adjudication. Claimant did not appeal within 21 days of the determination; therefore, her appeal was untimely. *See*

4

Section 501(e) of the UC Law, 43 P.S. § 821(e). Further, based on the evidence of record, Claimant failed to establish that she is entitled to *nunc pro tunc* relief. *See Walthour*, 276 A.3d at 842-43; *Barsky*, 261 A.3d at 1120. Accordingly, we affirm the Board.

 

 

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karen Oleksak, : 
        Petitioner : 
: No. 1446 C.D. 2024
        v. : 
: 
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

## **O R D E R**

AND NOW, this 16th day of March, 2026, the order issued by the Unemployment Compensation Board of Review on July 5, 2024, is AFFIRMED.

 

 

**LORI A. DUMAS, Judge**